**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Thomas L. LARSEN,**
**Defendant-Appellant.**

**No. 78–1579.**

United States Court of Appeals,
Ninth Circuit.

March 5, 1979.

■■■■■■■■■■■■■■■■■■■■■

J. Patrick Maginnis (argued), Los Angeles, Cal., for defendant-appellant.

Curtis B. Rappe, Asst. U. S. Atty. (argued), Los Angeles, Cal., for plaintiff-appellee.

Before BROWNING and TANG, Circuit Judges, and CLAIBORNE *, District Judge.

PER CURIAM.

Thomas L. Larsen appeals his conviction on two counts of uttering counterfeit government obligations, in violation of 18 U.S.C. § 472. He argues six points of error, only one of which requires consideration, and none of which requires reversal.[1]

Trial was held in the Central District of California before the Honorable A. Andrew Hauk, Defendant having waived his right to trial by jury. After the Government rested, Defendant called himself as his sole witness, and in effect denied having committed either of the alleged crimes. On cross-examination the Government offered, as and for impeachment purposes, evidence to the effect that Defendant pled guilty in two different 1975 cases in Los Angeles Superior Court to charges of child molesting, a felony under California Penal Code § 288. The Court admitted the convictions into evidence with no objections.

■ As Defendant did not object to the admission of the prior convictions, we must apply the "plain error" doctrine on appeal. That is, reversal is required only if the error is plain and if the unobjected-to error is "seriously prejudicial" to the defendant. *United States v. Lopez,* 575 F.2d 681, 685

(9th Cir. 1978); *Reisman v. United States,* 409 F.2d 789, 791 (9th Cir. 1969).

■ As to the first leg of the above-stated test, we think that the error was plain. Under F.R.E. Rule 609(a)(1), evidence of conviction of a crime, not involving dishonesty or false statement, cannot be admitted for the purpose of attacking the credibility of a witness unless the crime was punishable by imprisonment in excess of one year and the court determines that the probative value of the evidence is outweighed by its prejudicial effect. Although a trial judge has " 'wide discretion in deciding whether to exclude evidence of prior convictions as more prejudicial than probative of lack of credibility,' " *United States v. Oaxaca,* 569 F.2d 518, 526 (9th Cir. 1978); *United States v. Prewitt,* 534 F.2d 200, 201 (9th Cir. 1976), we conclude that the trial judge erred in not excluding the child molesting convictions in this case. The fact that a defendant has been convicted of child molesting bears only nominally on credibility; there was nothing in the circumstances of this case to increase the probative value of this defendant's prior convictions of this crime.

■ However, the error did not seriously prejudice Defendant. The trial was to a judge, and the record shows that the prior convictions played no role whatsoever in the judge's deliberations. The Court relied exclusively upon evidence produced during the Government's case-in-chief in adjudging Defendant guilty on both counts. Had the trial been to a jury, reversal would be required. But since the Court's deliberations are part of the official record on appeal, we can safely conclude that the second leg of the "plain error" doctrine has not been met.

Affirmed.

---

\* The Honorable Harry E. Claiborne, United States District Judge for the District of Nevada, sitting by designation.

1. The points which are patently without merit are: insufficient proof of knowledge under 18 U.S.C. § 472; insufficient proof of intent under 18 U.S.C. § 472; denial of effective assistance of counsel; post-conviction forfeiture without due process of law; and prejudical error in admitting the testimony of government witness Perry.