753 F.2d 606
 CITY OF CHICAGO, a municipal corporation, Chicago Department
of Animal Care and Control, and the Mayor's Office
of Employment and Training, Petitioners,
v.
UNITED STATES DEPARTMENT OF LABOR, Respondent.
 No. 84-1162.
 United States Court of Appeals,
Seventh Circuit.
 Argued Sept. 20, 1984.
Decided Jan. 25, 1985.
 
 Maureen Kelly Ivory, Corp. Counsel, Chicago, Ill., for petitioners.
 Vincent C. Costantino, U.S. Dept. of Labor, Washington, D.C., for respondent.
 Before ESCHBACH and COFFEY, Circuit Judges, and GRANT, Senior District Judge.*
 ESCHBACH, Circuit Judge.
 
 
 1
 The primary question presented by this petition for review of an order of the United States Department of Labor ("DOL") is whether the Administrative Law Judge ("ALJ") exceeded his authority in awarding prejudgment interest on a backpay award to an employee improperly terminated under the Comprehensive Employment and Training Act ("CETA" or "Act"), 29 U.S.C. Secs. 801-999 (Supp. II 1978). For the reasons stated below, we deny the petition for review.
 
 
 2
 * James Brown was employed by the city of Chicago's Department of Animal Care and Control. He was terminated in February of 1981; at the time of his discharge, his position was funded by CETA. The hearing officer for the prime sponsor, in an order dated August 27, 1981, concluded that Mr. Brown should be reinstated without back pay.
 
 
 3
 Mr. Brown appealed this decision to the United States Department of Labor. On February 2, 1982, the Grant Officer issued a "Final Determination," in which he awarded Mr. Brown back pay with prejudgment interest.
 
 
 4
 The city, in appealing this decision to the ALJ, contested only the Grant Officer's authority to provide prejudgment interest on the back-pay award. There was no challenge of the authority to award back pay in the first instance or of the propriety of the actual award to Mr. Brown. In an order dated November 3, 1983, the ALJ concluded that the Grant Officer had the authority to impose prejudgment interest on the back-pay award and thus granted the Grant Officer's motion for summary judgment.[1]
 
 This petition for review followed.[2]
 II
 
 5
 Petitioners' arguments are periphrastic, and it is difficult to discern the precise nature of their attack on the ALJ's order.[3] In general, they assert that "absent explicit statutory authority, neither the [ALJ] nor the grant officer has authority to impose a prejudgment interest sanction." Petitioners' Brief at 10. We conclude from this that petitioners are contesting the generic power of the ALJ and the Grant Officer to award prejudgment interest.
 
 
 6
 Petitioners have referred us to no case that requires an explicit statutory authorization for prejudgment-interest awards and we conclude that an express legislative directive is not necessary. It is beyond cavil, and petitioners do not dispute, that an award of back pay is within the authority of the Secretary of Labor. See City of Chicago v. United States Dep't of Labor, 737 F.2d 1466, 1471-73 (7th Cir.1984); Milwaukee County v. Peters, 682 F.2d 609, 611-12 (7th Cir.1982); accord City of Philadelphia v. United States Dep't of Labor, 723 F.2d 330, 332 (3d Cir.1983); Kentucky v. Donovan, 704 F.2d 288, 294 (6th Cir.1983). The statutory source of the Secretary's power to award back pay is 29 U.S.C. Sec. 816(d)(1) (Supp. II 1978), which simply states that "[i]f the Secretary concludes that any recipient of funds under this chapter is failing to comply with any provision of this chapter or the regulations [thereunder] ..., the Secretary shall have authority to ... order such sanctions or corrective actions as are appropriate " (emphasis added). Thus, there is no explicit authority for the initial back-pay award; to the contrary, the power is simply a component of the Secretary's general authority to order appropriate "sanctions" and "corrective actions." Back pay is the traditional remedy used in many contexts that is designed to "make whole" the employee after wrongful discharge. See Kentucky, supra, 704 F.2d at 296; see also City of Chicago, supra, 737 F.2d at 1473. Prejudgment interest is a necessary part of the compensation, as it ensures that the timing of the award does not alter its adequacy and that aggrieved parties will not be forced to bear the cost of delay in the dispute-resolution process. Stated in another manner, the back-pay award is compensation for the initial injury and prejudgment interest is compensation for the delay in payment. There is no requirement of an explicit statutory authorization for interest awards, as they are an inherent component of the traditional "make whole" remedy that back pay represents. Cf. NLRB v. Central Illinois Public Service Co., 324 F.2d 916, 919-20 (7th Cir.1963) (upholding award of prejudgment interest under Sec. 10(c) of the National Labor Relations Act).
 
 
 7
 Thus, the Secretary has the power under Sec. 816(d)(1) to order "sanctions" and "corrective actions," which include back-pay awards for wrongful discharge, as well as prejudgment interest on those awards. The Secretary has delegated the authority to award interest to both the ALJ in 20 C.F.R. Sec. 676.91(c) (1983)[4] and the Grant Officer in 20 C.F.R. Sec. 676.88(e) (1983).[5] The award in the instant case, therefore, was within the power of the ALJ and the Grant Officer.
 
 
 8
 The petition for review is DENIED.
 
 
 
 *
 The Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, sitting by designation
 
 
 [1]
 The ALJ concluded that the rate of interest should be determined according to the procedure set forth in 28 U.S.C. Sec. 1961(a), which establishes the rate for prejudgment interest in civil actions in federal district court. Under Sec. 1961(a), that rate is equal to "the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled immediately prior to the date of the judgment." The ALJ determined that, under the statute, the appropriate interest rate for November 1, 1983 was 9.86% a year and ordered that the interest rate be set accordingly
 In their briefs filed with this court, petitioners have made no argument concerning the ALJ's use of Sec. 1961 in determining the interest rate. It is axiomatic that issues of this kind, if not argued by petitioners or raised by cross-petition, are waived. United States ex rel. Mitchell v. Fairman, 750 F.2d 806, at 807 (7th Cir.1984); see also Hershinow v. Bonamarte, 735 F.2d 264, 266 (7th Cir.1984); Carducci v. Regan, 714 F.2d 171, 177 (D.C.Cir.1983). As the issue is not properly before us, we express no opinion as to the propriety of the ALJ's reliance on Sec. 1961, despite the fact that respondent addressed the question in its brief.
 
 
 [2]
 The statutory source of our jurisdiction is 29 U.S.C. Sec. 817(a) (Supp. II 1978). Under 20 C.F.R. Sec. 676.91(f) (1983), the decision of the ALJ became the final decision of the Secretary
 CETA was initially enacted in 1973 as Pub.L. No. 93-203, 87 Stat. 839 and was substantially amended in 1978 by Pub.L. No. 95-524, 92 Stat. 1909. The instant action arises under the 1978 amendments. CETA was replaced by the Job Training Partnership Act ("JTPA"), Pub.L. No. 97-300, 96 Stat. 1322 (1982); however, under the JTPA Sec. 181(e), 96 Stat. 1355, CETA still applies to cases pending on October 13, 1982 (the date of enactment for the JTPA).
 
 
 [3]
 In addition, petitioners now attempt to challenge the actual back-pay award given to Mr. Brown. Petitioners' Brief at 10-12. It is beyond dispute that an issue of this kind may not be raised for the first time before this court. Franklin County Employment & Training Admin. v. Donovan, 707 F.2d 41, 44-45 (2d Cir.1983); Pierce County v. United States, 699 F.2d 1001, 1005 (9th Cir.1983); see also Trotter v. Klincar, 748 F.2d 1177, at 1184 (7th Cir. Nov. 1984). Thus, we will undertake no review of the actual award
 
 
 [4]
 20 C.F.R. Sec. 676.91(c) (1983) provides in relevant part:
 Contents of decisions .... The [ALJ] shall have the full authority of the Secretary in ordering relief .... Orders for relief may ... contain such terms, corrective action, conditions, sanctions (including awards of back pay ), reallocations, and other provisions as are consistent with and will effectuate the purposes of the Act and regulations issued thereunder .... (emphasis added).
 
 
 [5]
 20 C.F.R. Sec. 676.88(e) (1983) provides in relevant part:
 Final determination .... [T]he Grant Officer shall ... provide each party with a final written notice ... that ... lists any sanctions, and required corrective actions ... intended by the Grant Officer.... (emphasis added).
 
 
 [20]
 C.F.R. Sec. 676.88(f) (1983) provides in relevant part:
 Request for hearing .... Those provisions of the [final] determination not specified for hearing, or the entire [final] determination when no hearing [before the ALJ] has been requested, shall be considered resolved and not subject to further review.