**Stanley CHRISTMAS, Plaintiff-Appellee,**

v.

**Lolita SANDERS, Defendant-Appellant.**

**No. 83–3230.**

United States Court of Appeals, Seventh Circuit.

Argued Dec. 7, 1984.

Decided April 12, 1985.

Patrick Hart, Chicago, Ill., for plaintiff-appellee.

Jennifer A. Keller, Asst. Corp. Counsel, Chicago, Ill., for defendant-appellant.

Before CUDAHY and POSNER, Circuit Judges, and SWYGERT, Senior Circuit Judge.

SWYGERT, Senior Circuit Judge.

In this appeal from a civil judgment entered against her, defendant Lolita Sanders asks this court to grant her a new trial on the grounds that the district judge erroneously excluded certain evidence and that the verdict was against the manifest weight of the evidence. We affirm.

I

This case arises from a series of events that took place on the night of September 26, 1980. The facts are sharply disputed, but we will attempt to provide a fair summary of the different versions.

According to plaintiff, Stanley Christmas, on the night of September 26, he and a male colleague, Al Ruffian, together consumed one-half pint of cognac. Desiring to purchase more cognac before the liquor stores closed, Christmas and Ruffian drove to a liquor store on the corner of Clark Street and Chicago Avenue, in Chicago. They parked their car in front of the liquor store on the southeast corner of the intersection between Clark and Chicago. The pair got out of the car and, before entering the liquor store, encountered a friend, Emmett Hill. The three engaged in conversation. While talking, Christmas and Hill were facing each other, Hill facing northwest and Christmas facing southeast. During their conversation, Hill said to someone standing behind Christmas, "Hello —what's happening baby?—Mother fuck you." When Christmas turned around to see who Hill was addressing, he saw a young black woman, the defendant Lolita Sanders, dressed in a blue jacket and blue jeans. Sanders "spinned around" and said, "What you say?" to Christmas. In response to Sanders' question, Christmas threw his hands up in the air and backed up; even though Christmas did not speak to or touch Sanders, she shot him in the abdomen from a distance of approximately three feet. Christmas collapsed on the curb, unconscious, and subsequently was taken to the hospital where he was treated for the bullet wound. He spent approximately two months in the hospital and accumulated at least $20,000 in medical bills.

Sanders testified to a different series of events. She is a Chicago police officer. Sometime after 11:00 p.m., on September 26, Sanders changed from her police uniform into civilian clothes and left work at the 18th Street Precinct. That district is a high-crime area. As she was walking east on Chicago Avenue toward the State Street Subway, she saw two or three men on Chicago Avenue at the intersection of Chicago and Clark Street. One of the men was Christmas. As she crossed the intersection the men began to make suggestive remarks to her. At first she ignored them, but after she crossed the intersection between Clark and Chicago and the men still persisted in harassing her, she withdrew her police badge from her coat pocket, informed the men that she was a police officer, and stated that she would arrest them for disorderly conduct if they continued their abusive remarks. She was approximately two or three feet from the men when this occurred. The two other men then left, but Christmas remained. Christmas called her a "bitch," dared her to arrest him, and then resisted her attempts to arrest him by striking her in the face and chest. Sanders grabbed Christmas' collar to subdue him and place him under arrest, and the two began to struggle. When Christmas' friends reappeared, Sanders felt her life was threatened. She withdrew her service revolver from her purse and pointed it down to the ground hoping to calm the situation. She did not have her finger on the trigger. Christmas attempted to wrest the gun from her control. The two continued to struggle and moved to the center of the intersection when the gun accidentally discharged into Christmas' abdomen, causing Christmas to collapse in the middle of the street. Sanders later filed battery charges against Christmas.

Those charges were subsequently dropped when Sanders failed to appear to testify against Christmas. Sanders claimed that she failed to appear because she had not been notified of the court date, although she admitted that she could have easily ascertained that information.

Christmas filed the instant action pursuant to 42 U.S.C. § 1983. He claimed that Sanders' unprovoked assault deprived him of liberty without due process of law, constituted a use of excessive force, and resulted in an arrest without probable cause. The trial judge instructed the jury that if it believed Christmas' version of the events, it should find in favor of Christmas. The jury returned a verdict in favor of plaintiff for $20,000.

Defendant raises three issues on appeal: (1) whether the trial judge erroneously excluded two police reports that were offered as prior consistent statements; (2) whether the trial judge erred in not granting Sanders a judgment notwithstanding the verdict because the verdict was against the manifest weight of the evidence; and (3) whether the trial judge erroneously excluded evidence of Christmas' prior conviction for rape. We consider each of these issues separately.

## II

Sanders first argues that she is entitled to a new trial because the trial judge erroneously excluded two police reports. These two reports contained statements made by Sanders on the night of the shooting to the effect that two men, one of them Christmas, made lewd remarks to her and physically resisted her efforts to place them under arrest. She stated that Christmas was injured as her revolver accidentally discharged when Christmas attempted to wrest the revolver from Sanders' control.

On cross-examination of the two police officers who made these reports, Sanders attempted to introduce into evidence these two reports as prior consistent statements. The trial judge refused to admit them because there was no foundation laid for the introduction of prior consistent statements

and because Sanders' attorney "through a proper series of questions ... [could] have elicited the evidence sought to be introduced by the defendant." Memorandum Opinion and Order at 2.

■ Federal Rule of Evidence 801(d) provides that out-of-court statements by a witness are not hearsay if "the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement and the statement is ... (B) consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication." The trial judge is granted broad discretion in determining the admissibility of evidence under this rule. *United States v. Herring*, 582 F.2d 535, 541 (10th Cir.1978); McCormick, *Evidence* § 49 (2d ed. 1970). In the instant case, there is no dispute that the declarant, defendant Sanders, testified at the trial and that she was available for cross-examination concerning the two police reports. Thus, the only questions for our review on this issue is whether the trial judge found that there had been no express or implied charge of recent fabrication and, if so, whether she abused her discretion in so finding.

Sanders argues that the trial judge did find that the charge of recent fabrication had been made. In support of her argument, Sanders cites a portion of the trial judge's post-trial Memorandum Opinion and Order at 1–2. In rejecting Sanders' motion for a new trial on the basis of the exclusion of the two police reports, the judge stated that the court "had made clear to [defense] counsel that the defendant's prior consistent statements set forth in the reports could be put into evidence through a proper series of questions." We do not believe that the trial judge's characterization of the remarks made in those reports as prior consistent statements compels the conclusion that she found that Christmas had charged recent fabrication. One statement in an entire record cannot be taken out of context and distorted to mean something that it does not.

The entire paragraph from which the trial judge's statement is taken reads:

> The defendant also complains of the court's ruling denying introduction into evidence of certain police reports. The reports were offered as prior consistent statements. The reports themselves were not admitted, but the court made clear to counsel that the defendant's prior consistent statements set forth in the reports....

In our view, the judge may merely have been repeating Sanders' characterization of those reports or acknowledging that some remarks in the reports made by the defendant were consistent with her trial testimony. They do not compel in the least the conclusion that the reports complied with all of the requirements of Fed.R.Evid. 801(d).

Were we to adopt the position espoused by Sanders, we would be directly ignoring and, in effect, reversing outright the trial judge's explicit ruling that the police reports did not qualify as prior consistent statements. After all of the evidence had been presented, the trial judge raised the issue of the admissibility of the disputed reports, on which she had previously reserved ruling. After much discussion among the parties and the court over the issue of whether the reports fell within Fed.R.Evid. 801(d), the judge stated:

> It doesn't come in as a prior consistent statement.
>
> \*   \*   \*   \*   \*   \*
>
> Well, I think that's the correct evidentiary ruling. Those prior reports do not come in as prior consistent statements. I don't think the defense is a recent fabrication of trial testimony.... Much of this could have come in through proper question and answer. It didn't come in, but that's that.

Thus, we believe that the judge unequivocally ruled that Christmas had not made a charge of recent fabrication, and hence the reports could not be admitted as prior consistent statements.

■ Having made this determination, we now turn to the issue of whether the trial judge abused her discretion in refusing to admit those reports as prior consistent statements. We hold that she did not.

Sanders argues that Christmas' cross-examination of Sanders implicitly raised a charge of recent fabrication. In particular, Sanders points to Christmas' attempt to impeach Sanders by introducing evidence that Sanders gave a sworn statement shortly after the shooting, in which she said that she had "probably let [Christmas] go at some point." Sanders maintains that this implies that her testimony on direct examination that her weapon discharged during the course of the physical struggle with Christmas was a recent fabrication.

■ We believe that the link between these statements is too attenuated to support any inference of an implied charge of recent fabrication. We see very little inconsistency in these two statements, for it is entirely possible to let go of someone momentarily during a physical struggle. In effect, what the defendant is asking us to rule is that any isolated impeachment on cross-examination gives rise to an implied charge of recent fabrication. We decline this invitation. Impeachment on cross-examination is designed to attack the credibility of the witness, and often it can be construed as a charge that the witness is a liar as well as a charge that the witness is making up a new story. Indeed, in some circumstances the charges are equivalent. Thus, we do not believe that where the impeachment is susceptible of either interpretation or where, as here, there appears to be little, if any, effective impeachment that we should find that the trial judge abused her discretion in finding no charge of recent fabrication. This is particularly true where the "charging" party maintains that he never intended to show recent fabrication; rather he had intended to demonstrate that Sanders had consistently equivocated on her version of the events and hence could not be believed. *See* McCormick, *supra*, at § 49. To require a trial judge to admit all records purporting to be "prior consistent statements" when a party

minimally impeaches a witness and when there is no clear charge of recent fabrication would undermine the very purpose of excluding prior consistent statements. The trial judge would have to admit unnecessary cumulative evidence that would only confuse the jury and lead to unlimited bolstering of witness' credibility.

Even if we were to find that an implied charge of recent fabrication had been made, we believe that the district judge's decision to refuse to introduce the reports was not an abuse of discretion. Both reports also referred extensively to the testimony of other witnesses. Although presumably those portions referring to other witnesses could have been excised, the trial judge chose to require defense counsel to elicit that information through examination of the witnesses. This was not an insurmountable burden placed on defense counsel. Moreover, it was not unreasonable in light of the trial judge's clear admonitions to defense counsel during the trial that she would not admit the documents as prior consistent statements and her constant prodding of defense counsel to elicit the information on cross-examination. Thus, we hold that the trial judge did not abuse her discretion by excluding the two police reports.

### III

Sanders' next argument in support of her claim for a new trial is that the jury's verdict is against the manifest weight of the evidence. As Sanders admits, a trial judge's denial of a new trial on this ground can only be overturned if it constituted an abuse of discretion. *See Durant v. Surety Homes Corp.*, 582 F.2d 1081, 1088 (7th Cir.1978). Again, we believe that the district judge's ruling on this issue was reasonable and, as a result, cannot be reversed.

In denying Sanders' motion for a new trial on this ground, the trial judge stated that "[a]lthough the court ... [may have been] surprised at the jury's verdict and would have reached a different conclusion, the question was one of credibility and that issue was for the jury to determine. Under these circumstances, the verdict cannot be set aside." Memorandum Opinion and Order at 1. We agree. Indeed, Sanders repeatedly admits that this case turned solely on whether the jury chose to believe Christmas or Sanders. Although plaintiff produced no witnesses who unequivocally testified to his version of events, it is well-established that a plaintiff's testimony standing alone is sufficient to sustain a verdict. True, parts of Christmas' testimony may seem incredible, but that does not mean that the jury could not have believed him or that the trial judge abused her discretion in failing to grant a new trial. Moreover, as Christmas points out, Sanders admitted to various inconsistencies in her version of events. Thus, we hold that the trial judge did not abuse her discretion in failing to grant Sanders a new trial on this ground.

### IV

Christmas filed a motion *in limine* under Fed.R.Evid. 609(a)(1) to prohibit Sanders from introducing any evidence regarding Christmas' conviction for rape in May 1983. Sanders intended to introduce that evidence to impeach Christmas' credibility. The trial judge granted Christmas' motion on the basis that a rape conviction was only minimally probative of Christmas' credibility and very likely to cause prejudice to Christmas inasmuch as jurors might be unwilling to award damages to an incarcerated felon.

Defendant advances two reasons why we should reverse this evidentiary ruling. First, Fed.R.Evid. 609(a)(1) is inapplicable to the instant case. Second, even if Rule 609(a)(1) is applicable, the trial judge abused her discretion in weighing the balance under that rule.

Defendant's argument regarding the inapplicability of Rule 609(a)(1) is unclear and susceptible of two interpretations. On the one hand, she appears to argue that the rule, in its entirety, is inapplicable in civil cases, but she does not tell us which rule should govern. On the other hand, she seems to argue that the rule is applicable,

but that the balancing test is not, and hence the felony conviction was either automatically admissible under Rule 609(a)(1) or excludable only under Fed.R.Evid. 403.*

The questions of what rule governs the admissibility of prior felony convictions in civil cases and whether a district judge has discretion to exclude such evidence are sharply disputed. Several courts, including this one, have assumed without deciding that the balancing test of Rule 609(a)(1) applies in civil cases to protect any witness from unfair impeachment. *See, e.g., Lenard v. Argento,* 699 F.2d 874, 895 (7th Cir.1983); *Howard v. Gonzales,* 658 F.2d 352, 358–59 (5th Cir.1981); *Calhoun v. Baylor,* 646 F.2d 1158, 1163 (6th Cir.1981); *Shingleton v. Armor Velvet Corp.,* 621 F.2d 180, 183 (5th Cir.1980) (per curiam).

At least one court has decided that Rule 609(a)(1) governs the admissibility of prior felony convictions in civil cases and that a district judge has no discretion under that rule to exclude prior felony convictions when offered to impeach a plaintiff. *See Diggs v. Lyons,* 741 F.2d 577 (3d Cir.1984). *See also Garnett v. Kepner,* 541 F.Supp. 241, 245 (M.D.Pa.1982). In reaching that result, the Third Circuit relied on the plain language of Rule 609(a)(1) (i.e., prior felony convictions *"shall be* admitted"), on several comments in the legislative history, *see, e.g., Hearings Before the Subcommittee on Reform of Federal Criminal Cases of the Committee on the Judiciary, House of Representatives, 93d Cong., 1st Sess. on Proposed Rules of Evidence,* Series No. 2 at 29–30, 68–69, 231–32 (1973) (statements of Reps. Hogan, Hungate, and Dennis regarding prior congressional policy determi-

nation that all prior felony convictions should always be admitted); 120 Cong.Rec. 2377–79, 2381 (statements of Reps. Hogan, Hungate, and Wiggins to the effect that Rule 609(a)(1) governs in both civil and criminal cases); H.R.Rep. No. 1599, 93d Cong., 2d Sess. 9 (1974), *reprinted in* 1974 U.S.Code Cong. & Ad.News 7098, 7102, 7103 (Only the prejudicial effect "to the defendant" should be considered. For all other witnesses "the danger of prejudice ... [was] outweighed by the need for the trier of fact to have as much relevant evidence on the issue of credibility as possible."), and on other cases in which the courts have held that a prosecutor's witness may *always* be impeached by a prior felony conviction, *see, e.g., United States v. Nevitt,* 563 F.2d 406, 408–09 (9th Cir.1977), *cert. denied,* 444 U.S. 847, 100 S.Ct. 95, 62 L.Ed.2d 61 (1979); *United States v. Martin,* 562 F.2d 673, 680 n. 16 (D.C.Cir.1977); *United States v. Dixon,* 547 F.2d 1079, 1083 (9th Cir.1976), or that Rule 609(a)(2) is a rule of automatic admissibility, *see, e.g., United States v. Wong,* 703 F.2d 65, 67 (3d Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 140, 78 L.Ed.2d 132 (1983); *United States v. Kiendra,* 663 F.2d 349, 353–55 (1st Cir.1981); *United States v. Leyva,* 659 F.2d 118, 121–22 (9th Cir.1981), *cert. denied,* 454 U.S. 1156, 102 S.Ct. 1030, 71 L.Ed.2d 314 (1982); *United States v. Toney,* 615 F.2d 277, 279 (5th Cir.), *cert. denied,* 449 U.S. 985, 101 S.Ct. 403, 66 L.Ed.2d 248 (1980); *United States v. Phillips,* 488 F.Supp. 508, 509 (W.D.Mo.1980). *See also United States v. Hawley,* 554 F.2d 50, 52 (2d Cir.1977) (only suggesting automatic admissibility under Rule 609(a)(2));

---

* Federal Rule 609(a)(1) provides:

> For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect *to the defendant,* ... (emphasis added).

Because the balancing test of Rule 609(a)(1) evidently protects only defendants (and perhaps

only criminal defendants), it may be that Rule 609(a)(1) mandates the admission of a civil plaintiff's prior felony conviction or that the balancing test of Rule 403 can be invoked to exclude that evidence.

Federal Rule 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

*United States v. Cook,* 557 F.2d 1149, 1150 n. 3 (5th Cir.), *cert. denied,* 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 767 (1978) (same); *United States v. Noble,* 754 F.2d 1324, 1331 (7th Cir.1985) (district judge not required to use balancing test to exclude conviction admissible under Rule 609(a)(2)). Several commentators have accepted the position adopted by the Third Circuit. *See, e.g.,* Louisell & Mueller, *3 Federal Evidence* § 316 at 322, 324–35 (1979) and (Supp.1984); McCormick, *supra,* § 43 at 11 (Supp.1978) ("Against an accused who takes the stand ... [prior felony convictions] may be used, if the court determines that the probative value of the conviction outweighs its prejudicial effect on the defendant; but, in civil cases ... such crimes are usable without the weighing process."). *See also* J. Weinstein & M. Berger, *3 Weinstein's Evidence* ¶ 609[06] at 609–89–90 nn. 1–6 (1982) (noting that there is support in the legislative history and language of the rule for the interpretation that Rule 609(a)(1) compels the admission of prior felony convictions in all criminal and civil cases).

Other authorities, however, find that Rule 403 can be invoked in civil cases to exclude evidence of a party's prior felony conviction, although they offer differing rationales for their result. *See Radtke v. Cessna Aircraft,* 707 F.2d 999, 1000 (8th Cir.1983); *Czajka v. Hickman,* 703 F.2d 317, 319 (8th Cir.1983); *Shows v. M/V Red Eagle,* 695 F.2d 114, 118 (5th Cir.1983); *Moore v. Volkswagenwerk, A.G.,* 575 F.Supp. 919, 921 (D.Md.1983); *Tussel v. Witco Chemical Corp.,* 555 F.Supp. 979, 983 (W.D.Pa.1983); Saltzberg and Redden, *Federal Rules of Evidence Manual,* at 364–69 (1982) and (1984 Supp.); Moore, *10 Moore's Federal Practice* § 609.03 at VI–135–36, § 609.13–.14 at VI–139–49 (1982) (language of Rule 609(a) suggests no discretion but that interpretation leads to absurd and unfair results); Comment, *Evidence—Impeachment of Witnesses by Prior Felony Convictions: A New Approach in Civil Litigation,* 12 Memph.St.U.L.Rev. 413 (1983); Comment, *The Interaction of Rules 609(a)(2) and 403 of the Federal Rules of Evidence: Can Evidence of a Prior Conviction Which Falls Within the Ambit of Rule 609(a)(2) be Excluded by Rule 403,* 50 U.Cinn.L.Rev. 380 (1981). *See also Linskey v. Hecker,* 753 F.2d 199, 202 (1st Cir.1985) (court does not decide if district judge retains discretion to exclude civil plaintiff's prior felony conviction because district court admitted conviction under Rule 403 and did not abuse its discretion when weighing the balance under that rule); *United States v. Cunningham,* 638 F.2d 696 (4th Cir.1981); *United States v. Currie,* 609 F.2d 1193 (6th Cir.1979), *cert. denied,* 445 U.S. 928, 100 S.Ct. 1314, 63 L.Ed.2d 760 (1980); *United States v. Jackson,* 405 F.Supp. 938 (E.D.N.Y.1975).

■ The foregoing shows that there is considerable difference of opinion as to whether, assuming the balancing test of Rule 609(a)(1) is inapplicable, a district judge must automatically admit evidence of a plaintiff's prior felony conviction under Rule 609(a)(1) or whether a district judge has discretion to exclude it under Rule 403 or some other rule. We do not decide today, however, which of these several interpretations is correct because it is clear that the defendant has waived her right to reversal on this ground. Neither party raised the issue of the inapplicability of Rule 609(a)(1) before the district judge and the issue was presented to this court for the first time in defendant's reply brief.

■ It is axiomatic that an issue not first presented to the district court may not be raised before the appellate court as a ground for reversal. *See City of Chicago v. United States Department of Labor,* 753 F.2d 606, 607 n. 1 (7th Cir.1985); *Trotter v. Klincar,* 748 F.2d 1177, 1184 (7th Cir.1984); *Casualty Indemnity Exchange v. Village of Crete,* 731 F.2d 457, 458 (7th Cir.1984); *Exxon Corp. v. Exxene Corp.,* 696 F.2d 544, 549 (7th Cir.1982); *Ellingson v. Burlington Northern, Inc.,* 653 F.2d 1327, 1332 (9th Cir.1981); *Schwimmer v. Sony Corp.,* 637 F.2d 41, 49 (2d Cir.1980); *Country Fairways, Inc. v. Mottaz,* 539 F.2d 637, 642 (7th Cir.1976) (per curiam).

This is particularly true when issues are improperly raised in violation of this circuit's Rule 9(e), which prohibits a party from raising new issues in its reply brief. *See, e.g., Bugg v. International Union of Allied Industrial Workers, Local 507,* 674 F.2d 595, 598 n. 4 (7th Cir.1982); *Ellingson,* 653 F.2d at 1331–32.

Defendant argues, however, that we should reach the issue because our failure to consider it would work a manifest injustice on her. *See Stern v. United States Gypsum, Inc.,* 547 F.2d 1329, 1333 (7th Cir.1977). We disagree. True, if we were to agree that Rule 403 should have been applied, then we would probably have had to reverse because, despite substantial surface similarity, the inquiry to be conducted by a trial judge under Rule 609(a)(1) differs significantly from that to be conducted under Rule 403. This is not necessarily a semantic difference. *See United States v. Mahone,* 537 F.2d 922, 928–29 (7th Cir.), *cert. denied,* 429 U.S. 1025, 97 S.Ct. 646, 50 L.Ed.2d 627 (1976). Under Rule 609(a)(1), a prior felony conviction may only be admitted if the probative value is not outweighed by the prejudicial effect; it must be admitted under Rule 403, however, unless the prejudicial effect *substantially* outweighs probative value. Thus, Rule 609(a)(1) leans heavily toward exclusion, while Rule 403 leans heavily toward admissibility.

Nevertheless, it is not at all clear that if the district judge had decided to exclude the evidence under Rule 403, we would have found that decision to be an abuse of discretion. True, this case turned *solely* on credibility, as the evidence consisted mainly of testimony by Christmas and Sanders, and each told markedly different versions. It is clear from the jury verdict that the jury credited most of Christmas' testimony and discredited the testimony of Sanders and several other witnesses, including one of Christmas' witnesses, who all said that they had seen Christmas and Sanders struggling in the middle of the intersection of Chicago Avenue and Clark Street. Thus, Christmas' credibility was critical, particularly in light of the fact that he told a somewhat incredible story and produced no witnesses to substantiate his story that no struggle occurred between himself and Sanders. But the trial judge correctly noted that a conviction for rape was not highly probative of credibility. *See* Saltzberg, *supra,* at 373 (sex crimes "low on the list of crimes relating to veracity"); *see also United States v. Larsen,* 596 F.2d 347 (9th Cir.1979).

■ In addition, the district judge observed there was a possibility of *substantial* prejudice to the plaintiff because a jury might be unwilling to award damages to an incarcerated felon, presumably on the basis that Christmas could not spend the money or that Christmas was a "bad person." She also suggested, although it is not entirely clear from the record, that the rape conviction was more probative on the issue of whether Christmas was a "bad person" and had a propensity to assault women. From this, the jury might also infer that Christmas lied when he stated that he had not provoked or struggled with Sanders. Although the trial judge did not specifically articulate as an element of prejudice the possibility that this evidence might impermissibly show propensity, *see* Fed.R.Evid. 404(b), rather than credibility, it is clear that she correctly considered it in the balance. *Cf. United States v. Hayes,* 553 F.2d 824 (2d Cir.), *cert. denied,* 434 U.S. 867, 98 S.Ct. 204, 54 L.Ed.2d 143 (1977) (similarity of the subject of the prior conviction to the crime charged bears strongly on the possibility of prejudice, as inviting a direct inference of guilt rather than directing attention to credibility). *State v. Pinkham,* 383 A.2d 1355 (Me.1978) (prior conviction for rape could not be admitted to impeach accused charged with another rape). *But see State v. Brouillette,* 286 N.W.2d 702 (Minn.1979). Thus, there is ample basis in the record from which the district judge reasonably could have concluded that the prejudicial effect of the evidence substantially outweighed its probative value on the issue of credibility.

Also important to the issue of exclusion under Rule 403 would have been whether the prior felony conviction would have added much if anything in the way of impeachment. Christmas' own witness contradicted his testimony about no struggle and about where he fell down. Christmas admitted that he and his friend had been drinking that night and were wandering the streets later that evening in search of alcohol to consume. Christmas, a young man, admitted that he had been unemployed most of his adult working life due to no disability, and he did not ask any compensation for lost wages. Even without the rape conviction, Christmas presented the image of a man unlikely to lead a traditional upstanding life.

 Thus, the evidence of the rape conviction might also have been properly excluded under Rule 403 because, although probative, it was merely cumulative. *See, e.g., Furtado v. Bishop*, 604 F.2d 80, 93–94 (1st Cir.), *cert. denied*, 444 U.S. 1035, 100 S.Ct. 710, 62 L.Ed.2d 672 (1980) (court declines to decide whether, in civil action, Rule 403 grants district judge discretion to exclude prior felony conviction otherwise admissible under Rule 609(a)(1) because exclusion under Rule 609(a)(1) was harmless error where judge admitted five other prior convictions of plaintiff and it was clear to the jury that plaintiff was a prison inmate; thus, defendant's attack on plaintiff's credibility could not have been impaired by the exclusion of this merely cumulative evidence). Based on the foregoing, we cannot say on the facts of this case that failure to apply Rule 403 instead of Rule 609(a)(1) worked a manifest injustice on the defendant.

 However, even if we agreed that the district judge should have automatically admitted the conviction under Rule 609(a)(1), we still would decline to reverse this case because it is beyond doubt that reversal would work a greater injustice on the plaintiff than on the defendant. Defendant was represented by competent, experienced counsel—the Corporation Counsel of the City of Chicago. Plaintiff, an individual, would be put to the expense,

delay, and uncertainty of further proceedings in a case, already three-and-one-half years old, arising from an incident more than four-and-one-half years ago on a ground that requires this court to decide a difficult issue without benefit of the district court's decision, without benefit of briefing in this court, and without having given the other party an opportunity to reply, solely because of the defendant's inexcusable failure to raise this issue below. *See Parrett v. City of Connersville*, 737 F.2d 690, 698 (7th Cir.1984). Defendant has not presented this court with any extraordinary circumstances that would justify imposing such an inequitable burden on the plaintiff. We therefore decline to reach the issue of which rule governs the admissibility of a civil plaintiff's prior felony conviction.

Thus the only issue properly presented to this court was whether the district judge abused her discretion in deciding under Rule 609(a)(1) that the probative value of the conviction on plaintiff's credibility did not outweigh its prejudicial impact on plaintiff. For the reasons that we have already discussed, *supra* at 1292, we hold that the district judge did not abuse her discretion.

The judgment affirmed.