996 F.2d 1220
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Abraham D. SUN, a/k/a Kwoh C. Sun, Plaintiff-Appellant,
v.
John T. McCANN, Defendant-Appellee.
 No. 91-3361.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 8, 1993.*
Decided June 11, 1993.
 
 Before POSNER, FLAUM and EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 The district court dismissed Abraham Sun's action for lack of subject-matter jurisdiction. Fed.R.Civ.P. 12(b)(1), 12(h)(3). We affirm.
 
 
 2
 * Sun filed a pro se complaint alleging that John McCann committed legal malpractice. We understand the allegations to be as follows. While representing the former Mrs. Sun, attorney McCann seduced her and then instructed her to steal Sun's 1988 Dodge Colt. Sun had to purchase another car, which turned out to be a lemon. Prohibitive repair costs and the expense of renting cars soon sapped his financial resources. Merrill Lynch, holding an account in the name of Sun's infant daughter, refused to take title to this lemon as collateral for the purchase of securities. Eventually, Merrill Lynch closed the account at a time when Sun's "Sunshain Restaurant" was in dire need of resources. Located in a manufacturing district of New Berlin, Wisconsin, Sunshain seated 200 to 300 people and earned, according to Sun, an annual profit of $200,000. Because of Merrill Lynch's actions, Sun had to shut the restaurant. McCann, Sun alleges, is the cause of all these woes.
 
 
 3
 Sun first went to state court, seeking costs and damages of $3 million for McCann's actions. The Milwaukee Circuit Court entered summary judgment in favor of McCann. Sun did not appeal but alleges in his federal complaint that he "missed the time" to do so because he misunderstood the state statute of limitations.
 
 
 4
 In district court, Sun sued McCann for $3 million alleging the same wrongdoings. McCann moved for dismissal on the grounds of res judicata and an absence of subject-matter jurisdiction. The district court found that the complaint did not involve any federal question, and that both parties are citizens of Wisconsin. Accordingly, the court dismissed the action for lack of subject-matter jurisdiction.
 
 II
 
 5
 The federal courts are of limited jurisdiction. Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986); Abercrombie v. Office of Comptroller of Currency, 833 F.2d 672, 674 (7th Cir.1987). Sun's complaint is utterly devoid of any conceivable basis of federal jurisdiction. All parties appear to be citizens of Wisconsin. Sun refused to respond to motions from the defense attempting to establish his state of citizenship. But his complaint lists an address in Milwaukee under his name. One of his own motions alludes to his campaign to be United States Senator from Wisconsin. Given these admissions, the district court found Sun to be a citizen of Wisconsin. McCann is also a citizen of the Badger State. Sun does not dispute the absence of diversity and neglects to specify any error in the district court order. We find none.
 
 
 6
 Setting his sights on the fourteenth amendment, Sun raises for the first time the claim that the district court erroneously dismissed his claims under the equal protection clause. But the complaint does not mention any equal protection claims, and we are hard-pressed to imagine what they might be. McCann, a private attorney, is not a state actor. Sun cannot address the issue now, for the first time on appeal. Christmas v. Sanders, 759 F.2d 1284, 1291 (7th Cir.1985).
 
 
 7
 Affirmed.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record