In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 24–1381

BARBARA LUKASZCZYK, *et al.*,

*Plaintiffs-Appellants*,

*v.*

COOK COUNTY,

*Defendant-Appellee.*

———————————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:21-cv-05407 — **Robert W. Gettleman**, *Judge.*

———————————

ARGUED JANUARY 29, 2025 — DECIDED MAY 19, 2025

———————————

Before BRENNAN, SCUDDER, and ST. EVE, *Circuit Judges.*

BRENNAN, *Circuit Judge.* In this successive appeal, plaintiffs continue their claim that a municipal policy mandating COVID-19 vaccinations violates the Free Exercise Clause of the First Amendment. But they have waived an as-applied challenge, and abandoned a facial one, so we affirm.

# I

In August 2021, Cook County Health and Hospitals System, a municipal agency in that Illinois county, issued a policy that required all personnel to be fully vaccinated against infectious diseases, including SARS-CoV-2, the virus that causes COVID-19. The policy applied to all Cook County Health personnel and contractors. Exemptions were allowed "based upon a disability, medical condition, or sincerely held religious belief, practice, or observance." Exemption requests were considered individually.[1]

Plaintiffs work as healthcare employees or contractors at Cook County facilities. They requested a religious exemption from the policy, saying they chose not to vaccinate based on their deeply held religious beliefs. Plaintiffs were told their requests were granted. But the "accommodation" was a transfer to unpaid status pending termination, and a grant of a limited amount of time to find a remote position, which did not exist. At the same time, the County granted employees' requests for accommodations for non-religious reasons. To plaintiffs, this was religious discrimination that violated the Free Exercise Clause of the First Amendment.

We previously affirmed the denial of plaintiffs' motions for preliminary injunctions against state and local COVID-19 vaccine mandates, including Cook County's. *Lukaszczyk v. Cook County*, 47 F.4th 587, 593 (7th Cir. 2022). Among our

---

[1] At oral argument, counsel for the parties were asked if the challenged policy remains in effect. Neither directly answered the question. Oral Arg. at 1:00–2:15; 13:41–14:45. This inquiry goes to whether plaintiffs' facial challenge to the policy and their claims for declaratory and injunctive relief are moot.

rulings was a denial of plaintiffs' Free Exercise facial challenge to the County mandate. *Id*. at 605–07. This is one of three cases decided in that first appeal.[2]

On remand, plaintiffs sought and were granted permission to amend their complaint. But before that second amended complaint could be responded to, plaintiffs moved to amend their complaint a third time to include a claim under the Illinois Religious Freedom Restoration Act, 775 ILCS 35/1, et seq. The County objected and the district court denied plaintiffs' motion to amend "without prejudice to renewal after the court rules" on the County's anticipated motion to dismiss.

The County moved to dismiss the second amended complaint, contending that plaintiffs had failed "to state a viable First Amendment claim either on its face or as applied." Plaintiffs responded that their Free Exercise Clause claim should not be dismissed, but they did not specify the type of challenge they had brought. The parties' arguments on this motion impact our decision in this successive appeal.

The district court considered the plaintiffs' claim as a facial challenge to the policy, and it granted the motion to dismiss for failure to state a claim. The court reasoned that after remand, plaintiffs' amendment added no new factual allegations. Only a facial challenge remained, which this court had already ruled did not show a violation of plaintiffs' right to freely exercise their religions.

---

[2] The "*Lukaszczyk* plaintiffs" bring this appeal. *See* 47 F.4th at 595–96. Not before us are cases involving the "*Troogstad* plaintiffs" and the "*Halgren* plaintiffs." *Id*.

Only plaintiffs' First Amendment Free Exercise claim remains against the sole defendant left, Cook County. A dismissal for failure to state a claim is reviewed de novo. *Brockett v. Effingham County*, 116 F.4th 680, 685 (7th Cir. 2024) (citing *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016)).

## II

Plaintiffs contend the district court should not have dismissed their constitutional claim. To them, the factual allegations and requests for relief in their complaints show the type of constitutional challenge they have brought. Their complaints would not have explained how they were treated differently if they had not also challenged the policy as-applied.

The County responds that plaintiffs have engaged in a bait-and-switch. They lodged a facial challenge against the County policy in this case's previous appeal, before both the district court and this court. *Lukaszczyk,* 47 F.4th at 605–07. On remand, the plaintiffs again registered a facial challenge in the district court, and they did so once more in their opening brief in this successive appeal. But in their reply brief and at oral argument, for the first time, plaintiffs have challenged the constitutionality of the vaccination policy as applied.

Facial and as-applied challenges can overlap. *See Doe v. Reed*, 561 U.S. 186, 194 (2010) (acknowledging claim "has characteristics of both"); *see also Ctr. for Individual Freedom v. Madigan*, 697 F.3d 464, 475 (7th Cir. 2012). "A facial challenge is really just a claim that the law or policy at issue is unconstitutional in all its applications." *Bucklew v. Precythe*, 139 S. Ct. 1112, 1127 (2019). "[T]he distinction between facial and as-applied challenges is not so well defined that it has some automatic effect or that it must always control the pleadings and

disposition in every case involving a constitutional challenge." *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 331 (2010). Rather, "it goes to the breadth of the remedy employed by the Court, not what must be pleaded in a complaint." *Id*. A facial challenge usually invites prospective relief, such as an injunction, while an as-applied challenge invites narrower, retrospective relief, such as damages. *Id.*; *see Six Star Holdings, LLC v. City of Milwaukee*, 821 F.3d 795, 803 (7th Cir. 2016).

Just so, the difference in the types of challenges matters here because of the important procedural rule of waiver.

The Nation's adversarial adjudication system follows the principle of party presentation. *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). "In both civil and criminal cases, … we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Id*.

"Waiver occurs when a party intentionally relinquishes a known right … ." *United States v. Flores*, 929 F.3d 443, 447 (7th Cir. 2019) (citing *United States v. Olano*, 507 U.S. 725, 733 (1993)). "An appellant may waive a non-jurisdictional issue or argument in many ways, such as by failing to raise the issue or argument in the district court, either at all or in a timely fashion, by failing to raise it at all in the party's opening brief on appeal, [or] by failing to present a developed argument on appeal that engages with the reasoning of the district court … ." *Bradley v. Village of University Park*, 59 F.4th 887, 897 (7th Cir. 2023). These waiver circumstances are not new. *Christmas v. Sanders*, 759 F.2d 1284, 1291 (7th Cir. 1985) (collecting cases ruling that an issue not presented to the district court may not

be raised on appeal and that a new issue may not be raised in an appellate reply brief).

This case has traveled through the district court twice and back and forth to this court. In this journey, plaintiffs have advocated, the County has responded to, and the courts have considered only a facial challenge to the constitutionality of the vaccination policy. The paragraphs introduced in the second amended complaint failed to transform their requested relief. In their various complaints, plaintiffs have not abandoned their request for injunctive or declaratory relief to limit their prayer for relief to damages. Not until their final brief before us did plaintiffs first raise an as-applied challenge.

Plaintiffs' late advocacy fails to engage with the district court's reasoning on remand, which resolved their facial challenge. "An appellant who does not address the rulings and reasoning of the district court forfeits any arguments he might have that those rulings were wrong." *Protect Our Parks v. Buttigieg*, 97 F.4th 1077, 1098 (7th Cir. 2024) (quoting *Hackett v. City of South Bend*, 956 F.3d 504, 510 (7th Cir. 2020)). If plaintiffs wished to argue the vaccination policy is unconstitutional as applied, then on remand, in their pleadings or briefs, they should have redirected the district court to that challenge and developed that argument. But they never did.

Given this case's history, plaintiffs bear responsibility for these circumstances, at the district court and before us. Their decisions and actions satisfy the waiver scenarios this court described in *Bradley*, especially failing to pursue the as-applied challenge in the district court and failing to raise it in their opening brief in this appeal. 59 F.4th at 897.

How plaintiffs litigated this case is not without conse-quence for the County, of course. It faced one type of chal-lenge for close to three years, only to face a different one at the end of this successive appeal. This prejudices the County, as its sole opportunity to respond to the plaintiffs' as-applied challenge was at oral argument.

We hold that plaintiffs waived their as-applied challenge to the County's vaccination policy as violating the Free Exer-cise Clause of the First Amendment. And plaintiffs concede they do not seek injunctive relief and no longer raise a facial challenge. Oral Arg. at 26:52–27:15. This waiver plus conces-sion ends plaintiffs' constitutional claim.

## III

Plaintiffs also argue the district court erred in denying leave to amend their complaint to include a claim under the Illinois Religious Freedom Restoration Act, 775 ILCS 35/1, et seq. A denial of leave to amend a complaint is reviewed for abuse of discretion. *Cielak v. Nicolet Union High Sch. Dist.*, 112 F.4th 472, 481 (7th Cir. 2024) (citing *Schmees v. HC1.COM, Inc.*, 77 F.4th 483, 487 (7th Cir. 2023)).

Recall, plaintiffs moved to add this Illinois RFRA claim in a third amended complaint just after they had been permitted to and did file a second amended complaint. A few months later, the district court denied that motion without prejudice. Plaintiffs could renew their request to add this claim once the district court ruled on the County's anticipated motion to dis-miss the second amended complaint. That ruling occurred seven months after the motion to amend was denied without prejudice. Yet, in the joint status report filed the next month, plaintiffs did not even mention the Illinois RFRA claim.

An abuse of discretion occurs only when no reasonable person could agree with the district court's actions. *Downing v. Abbott Lab'ys*, 48 F.4th 793, 809 (7th Cir. 2022) (citing *Antrim Pharms. LLC v. Bio-Pharm, Inc.*, 950 F.3d 423, 430 (7th Cir. 2020)). A reasonable person could easily agree with the district court's ruling. The failure to press the Illinois RFRA count rests on plaintiffs, who did not mention it in the joint status report after the court's dismissal ruling, notwithstanding that their motion to amend had previously been denied without prejudice. The district court is not at fault, as it reasonably deferred any further amendment of the pleadings until it could rule on an upcoming motion to dismiss a just-amended complaint.

## IV

We must add a final, unfortunate note: The written and oral advocacy on behalf of plaintiffs has been poor.

"The brief is the single most important means for advancing a litigant's interests on appeal." ATTORNEY'S GUIDE TO THE SEVENTH CIRCUIT COURT OF APPEALS (5th ed.), ch. 12 at 3. "The appellant's brief must contain an argument section that states the appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." *Id*. at 27. Plaintiffs' briefs fall far short of this standard. They include lengthy explications of marginally relevant and irrelevant case law, and minimal analysis of this case. Plaintiffs' briefs do not advance their interests, which are not insubstantial. *Lukaszczyk*, 47 F.4th at 607.

As noted above, the "reply brief may not raise for the first time issues that were not asserted in the appellant's initial brief." ATTORNEY'S GUIDE at 33. As stated above, this court's

law on this point stretches back at least fifty years. *See Christmas*, 759 F.2d at 1291. Yet this basic point of appellate procedure has not been followed, to plaintiffs' obvious detriment.

Plaintiffs' confused briefs are of a piece with a baffling statement of plaintiffs' counsel at oral argument. First, he admitted the phrase "as applied" was not used in plaintiffs' opening brief. Oral Arg. at 10:48–10:55. Then, on rebuttal he reversed and contended that brief actually included "as applied" when it stated the policy "was not neutrally applied." To him, "was" could be read like "as," and two words later "applied" was used. Oral Arg. at 25:45–26:51. But the phrase in his opening brief—"was not neutrally applied"—was speaking to the level of scrutiny for a court's assessment of constitutionality, *see Fulton v. City of Philadelphia*, 141 S. Ct. 1868, 1877 (2021), not a challenge to the policy's application in a certain manner or context.

We have chosen not to issue an order to show cause why plaintiffs' counsel should not face some sanction for these errors and deficiencies. Rather, they are described in this published decision with the hope that plaintiffs' counsel, and all attorneys who read this opinion, will present their very best work in our court, and all courts, to avoid the obvious and correctable shortcomings in the written and oral advocacy here.

AFFIRMED.