**Janette Dyke MURR, Plaintiff-Appellee,**

**v.**

**Bobby STINSON, Defendant-Appellant.**

**No. 84–5129.**

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 6, 1984.

Decided Jan. 14, 1985.

Ben W. Hooper, II, Newport, Tenn., for defendant-appellant.

John T. Milburn Rogers (argued), William S. Nunnally, Roberts, Laughlin & Nunnally, Greeneville, Tenn., for plaintiff-appellee.

Before EDWARDS and KENNEDY, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

Bobby Stinson, Sheriff of Cocke County, Tennessee, appeals from a judgment entered after a jury trial in favor of plaintiff-appellee, Janette Murr, in the amount of $20,000 for compensatory damages and

$125,000 for punitive damages. Plaintiff-appellee Janette Dyke Murr brought this action under 42 U.S.C. § 1983, alleging violations of due process, assault and battery, false arrest, false imprisonment, intentional infliction of emotional distress, libel per se, and defamation by inducement and innuendo. Appellee filed the action on July 14, 1982. The District Judge subsequently heard a motion for judgment notwithstanding the verdict, a motion for a new trial, and a motion for a remittitur and denied all of said motions while granting appellee's request for attorney's fees.

The testimony which produced these trial results was primarily that of plaintiff Murr. On April 29, 1982, she went to the Sheriff's Department in Cocke County to inquire about an automobile accident report concerning an accident in which she had been involved. She obtained a copy of the report and started to leave the courthouse and encountered Sheriff Stinson. She testified that he called to her by name and that she responded as to why she had come to his office. The record indicates that Sheriff Stinson, according to Ms. Murr's testimony, then stated: "I didn't touch your damn brake lights and I didn't run you out of the road." The two of them entered the courthouse and walked toward the Sheriff's suite of offices. The Sheriff stated, "I remember the wreck real well. You refused to give my deputy any information." Sheriff Stinson shouted, "Don't come down here jumping on me shaking all over." The Sheriff also advised Ms. Murr to get her "damn ass out." Ms. Murr told the Sheriff that she was in a public place and that he could not order her to leave.

Ms. Murr further testified before the jury that the Sheriff grabbed her arm, slung her across the room and onto the floor, jerked her up from the floor by her purse strap, and slapped her. He then called for deputies to assist him, and one of them and the Sheriff carried Ms. Murr by her arms and legs up two flights of stairs to the county jail where Sheriff Stinson ordered Ms. Murr placed in a small windowless cell known as the "sweat box." There she remained for one and a half to two hours. She was not allowed to consult an attorney nor was she given any aid for her injury or any water or food. She was then released. No charges were ever filed against her, nor was she required to post any bond, nor were any legal proceedings ever initiated against her.

After her departure from the courthouse, Ms. Murr was taken to the Valentine-Schults Clinic in Newport, Tennessee, where she complained of pain in her ankle and various bruises and lacerations on her body. Dr. Schults, a general practitioner, referred Ms. Murr to Dr. Walter Chapman, an orthopedist. Dr. Chapman placed a cast on Ms. Murr's right leg. Ms. Murr returned home that evening, but soon thereafter she was admitted to Cocke County Baptist Hospital due to chest pains and rapid heartbeat. Ms. Murr remained in the hospital for a week. The parties stipulated that plaintiff incurred medical expenses of $1,136.45 and lost wages of $1,053.56.

Two witnesses, John Hinkle and Lena Hinkle, who were not acquainted with Ms. Murr before the episode involved, testified that they saw the altercation and saw Ms. Murr being carried forcefully up the stairs and that they heard what sounded like a slap after the parties disappeared from view.

The record also shows that Sheriff Stinson presented a number of witnesses whose testimony tended to indicate that Ms. Murr was responsible for the altercation. It is clear, however, that the jury found to the contrary. The only legal issue of significance in this case is that at trial, counsel for the plaintiff called Sheriff Stinson (who had not taken the stand) to testify as an adverse witness. Counsel then offered in evidence Stinson's two recent convictions for conspiracy to aid and abet the importation and distribution of cocaine, a felony punishable by imprisonment of more than one year. The District Court allowed the convictions to be admitted into the record under Federal Rules of Evidence 609(a) which reads as follows:

**Rule 609. Impeachment by Evidence of Conviction of Crime**

(a) **General rule.** For the purpose of attacking the credibility of a witness, evi-

dence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

The District Judge made the finding that the probative value of the evidence just referred to outweighed its prejudicial effect. It should be noted that these two convictions had occurred only a mere six months prior to the trial of this case and that they occurred while Sheriff Stinson was the elected sheriff of Cocke County. It is clear that the convictions do reflect upon Sheriff Stinson's credibility since they constitute violations of his oath of office as sheriff. Under the circumstances of this case, we do not find any abuse of discretion on the part of the District Court in admitting them.

The judgment of the District Court is therefore affirmed.