Roy Darrell DONALD,
Plaintiff–Appellant,

v.

Sheriff WILSON; Melvin Casey, Warden; Four (4) Unknown Sheriff Deputies; Ronald C. Marshall, Superintendent, Southern Ohio Correctional Facility, Defendants–Appellees.

No. 86–3064.

United States Court of Appeals,
Sixth Circuit.

Submitted Feb. 2, 1988.

Decided May 16, 1988.

Roy Darrell Donald, pro se.

Arthur J. Rubiner, Birmingham, Mich., for plaintiff-appellant.

Michael W. Krumholtz, Dayton, Ohio, for defendants-appellees.

Before MARTIN, GUY and BOGGS, Circuit Judges.

RALPH B. GUY, Jr., Circuit Judge.

Plaintiff, Donald, is an inmate at the Southern Ohio Correctional Facility (SOCF). In April of 1982, he was scheduled for a post-conviction relief hearing to be conducted by the Montgomery County Common Pleas Court. He was to be housed in the Montgomery County jail during the course of the hearing. Upon his arrival at the jail, Donald, whose left leg had been amputated below the knee, had his prosthesis taken from him as a security

measure and in conformity with jail policy. In place of the prosthesis he was issued crutches. While using the crutches, Donald fell in the course of taking a shower and was taken to a hospital for examination and any needed medical treatment.

During Donald's stay in the Montgomery County jail, an incident occurred which required that he be forcibly removed from his cell. Donald claims that excessive force was used in removing him.

As a result of the fall in the shower and the alleged excessive force incident, Donald, who is a black person, filed a civil rights action alleging violations of 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988. He claimed that in confiscating his prosthesis and in using unreasonable force against him, his eighth and fourteenth amendment rights were violated. As defendants, Donald named the Montgomery County Sheriff and various deputies, the Warden of the Montgomery County jail, and the Superintendent of SOCF.

A jury trial was ultimately held and before the case was submitted to the jury, the court directed out all claims except those involving substantive due process and those growing out of the alleged excessive force incident. The jury returned a verdict for the three remaining deputy sheriff defendants.

Upon appeal, Donald claims that the directed verdicts were granted in error and that various trial errors occurred. Upon a review of the record, we find no error requiring reversal and affirm, but we will briefly discuss the claimed errors.

I.

*The Directed Verdicts*

■ Although Donald had counsel prior to trial and at trial, the pleadings were prepared and filed pro se. As such, they presented a fairly typical pro se litigant's shotgun approach to stating a civil rights claim. All of the claims Donald made would have been encompassed within his section 1983 claim and this claim was allowed to go to the jury at least insofar as the excessive force allegations were con-

cerned. The dismissal of his other theories of action amounted to the elimination of redundancy and minimized the chance of jury confusion resulting from the submission of a case on multiple overlapping theories.

Additionally, his section 1981 action would have required under these facts that he show racial discrimination. *Greenwood v. Ross*, 778 F.2d 448 (8th Cir.1985). None was shown.

■ Since all of the defendants were public officials and were admittedly acting under color of law, there was no need to assert a claim under section 1985(3), which is designed to reach concerted private action. Whatever validity Donald's section 1985(3) claim had was in fact submitted to the jury under a section 1983 theory.

■ The temporary confiscation of plaintiff's prosthesis would not constitute the "deliberate indifference" required for an eighth amendment claim under *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed. 2d 251 (1976). At trial, the physician for the Montgomery County jail testified that:

Q. In Mr. Donald's case from your standpoint as the jail's physician, was it medically necessary for him to have his prosthesis or wooden leg?

A. In my opinion it was not. Do you want me to explain why not?

Q. Please do.

A. A person who has a below the knee amputation such as Mr. Donald has is certainly an inconvenience for that person not to have his prosthesis, but as far as it being a medical necessity in our jail the prisoners are confined in relatively small areas, don't move around a lot, not having a prosthesis is an inconvenience for the prisoner, but not injurious to his health or her health.

Furthermore, the taking of the prosthesis was pursuant to established jail policy and was further prompted by a letter received from officials at SOCF to the effect that, in the past, Donald has used his artificial leg to carry contraband and as a weapon.

The magistrate who presided over this trial correctly removed all eighth amendment issues from jury consideration.

## II.

### *Alleged Trial Errors*

#### A.

■ Plaintiff argues that the jury should not have been allowed to learn that, in the past, Donald had used his prosthesis to carry contraband. Contrary to plaintiff's assertions, we find this to be very relevant evidence. The general standard for evaluation of public officials' conduct in circumstances such as this is "reasonableness." The warning letter received from SOCF concerning plaintiff's prosthesis certainly bears on the issue of the defendants' reasonableness in taking the prosthesis from him.

#### B.

■ Donald was a witness in his own behalf and his past conviction for rape was allowed into evidence over Donald's objection that its prejudicial effect outweighed its probative value.[1] Federal Rule of Evidence 609(a) provides:

General rule. For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

Plaintiff argues that crimes of violence such as rape do not bear on credibility and evidence of such past crimes should be excluded. Defendants argue that since

---

1. Donald made a motion *in limine* to keep out the conviction and then objected again at trial after the fact of the conviction was elicited from Donald on cross-examination.

part of Donald's claim was that defendants used excessive force without any provocation that "[e]vidence of Donald's conviction is relevant to the issue of plaintiff's propensity for violent behavior." Although the court allowed the evidence to come in, its rulings shed little light on its reasoning. In denying the motion *in limine*, the magistrate stated: "I find that, at least at this station in the proceedings, it does not appear to me that the prejudicial effect outweighs the probative value." At trial, the court ruled simply that it had not changed its mind and the ruling was the same.

In their discussion of this question, the parties have missed the real issue inherent in this evidentiary problem. This is a civil not a criminal case and Donald is a plaintiff not a defendant. Federal Rule of Evidence 609(a) refers to prejudice to the *defendant*. However, Federal Rule of Evidence 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice...." The courts have not been in agreement as to the applicability of Fed.R.Evid. 609 to civil cases or whether Rule 609 preempts Rule 403.

The Seventh Circuit has had occasion to discuss this issue at length in *Christmas v. Sanders*, 759 F.2d 1284 (7th Cir.1985), and rather than try to paraphrase or duplicate their very thorough discussion, we quote at length:

> The questions of what rule governs the admissibility of prior felony convictions in civil cases and whether a district judge has discretion to exclude such evidence are sharply disputed. Several courts, including this one, have assumed without deciding that the balancing test of Rule 609(a)(1) applies in civil cases to protect any witness from unfair impeachment. *See, e.g., Lenard v. Argento*, 699 F.2d 874, 895 (7th Cir.1983); *Howard v. Gonzales*, 658 F.2d 352, 358–59 (5th Cir.1981); *Calhoun v. Baylor*, 646 F.2d 1158, 1163 (6th Cir.1981); *Shingleton v. Armor Velvet Corp.*, 621 F.2d 180, 183 (5th Cir. 1980) (per curiam).
>
> At least one court has decided that Rule 609(a)(1) governs the admissibility of prior felony convictions in civil cases

and that a district judge has no discretion under that rule to exclude prior felony convictions when offered to impeach a plaintiff. *See Diggs v. Lyons*, 741 F.2d 577 (3d Cir.1984). *See also Garnett v. Kepner*, 541 F.Supp. 241, 245 (M.D.Pa. 1982). In reaching that result, the Third Circuit relied on the plain language of Rule 609(a)(1) (i.e., prior felony convictions *"shall be* admitted"), on several comments in the legislative history, *see, e.g., Hearings Before the Subcommittee on Reform of Federal Criminal Cases of the Committee on the Judiciary, House of Representatives, 93d Cong., 1st Sess. on Proposed Rules of Evidence*, Series No. 2 at 29–30, 68–69, 231–32 (1973) (statements of Reps. Hogan, Hungate, and Dennis regarding prior congressional policy determination that all prior felony convictions should always be admitted); 120 Cong.Rec. 2377–79, 2381 (statements of Reps. Hogan, Hungate, and Wiggins to the effect that Rule 609(a)(1) governs in both civil and criminal cases); H.R.Rep. No. 1599, 93d Cong., 2d Sess. 9 (1974), *reprinted in* 1974 U.S.Code Cong. & Ad.News 7098, 7102, 7103 (Only the prejudicial effect "to the defendant" should be considered. For all other witnesses "the danger of prejudice ... [was] outweighed by the need for the trier of fact to have as much relevant evidence on the issue of credibility as possible."), and on other cases in which the courts have held that a prosecutor's witness may *always* be impeached by a prior felony conviction, *see, e.g., United States v. Nevitt*, 563 F.2d 406, 408–09 (9th Cir.1977), *cert. denied*, 444 U.S. 847, 100 S.Ct. 95, 62 L.Ed.2d 61 (1979); *United States v. Martin*, 562 F.2d 673, 680 n. 16 (D.C.Cir.1977); *United States v. Dixon*, 547 F.2d 1079, 1083 (9th Cir.1976), or that Rule 609(a)(2) is a rule of automatic admissibility, *see, e.g., United States v. Wong*, 703 F.2d 65, 67 (3d Cir.1983), *cert. denied*, [464] U.S. [842], 104 S.Ct. 140, 78 L.Ed.2d 132 (1983); *United States v. Kiendra*, 663 F.2d 349, 353–55 (1st Cir.1981); *United States v. Leyva*, 659 F.2d 118, 121–22

(9th Cir.1981), *cert. denied,* 454 U.S. 1156, 102 S.Ct. 1030, 71 L.Ed.2d 314 (1982); *United States v. Toney,* 615 F.2d 277, 279 (5th Cir.), *cert. denied,* 449 U.S. 985, 101 S.Ct. 403, 66 L.Ed.2d 248 (1980); *United States v. Phillips,* 488 F.Supp. 508, 509 (W.D.Mo.1980). *See also United States v. Hawley,* 554 F.2d 50, 52 (2d Cir.1977) (only suggesting automatic admissibility under Rule 609(a)(2)); *United States v. Cook,* 557 F.2d 1149, 1150 n. 3 (5th Cir.), *cert. denied,* 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 767 (1978) (same); *United States v. Noble,* 754 F.2d 1324, 1331 (7th Cir.1985) (district judge not required to use balancing test to exclude conviction admissible under Rule 609(a)(2)). Several commentators have accepted the position adopted by the Third Circuit. *See, e.g.,* Louisell & Mueller, *3 Federal Evidence* § 316 at 322, 324–35 (1979) and (Supp.1984); McCormick, *supra,* § 43 at 11 (Supp.1978) ("Against an accused who takes the stand ... [prior felony convictions] may be used, if the court determines that the probative value of the conviction outweighs its prejudicial effect on the defendat; but, in civil cases ... such crimes are usable without the weighing process."). *See also* J. Weinstein & M. Berger, *3 Weinstein's Evidence* ¶ 609[06] at 609—89–90 nn. 1–6 (1982) (noting that there is support in the legislative history and language of the rule for the interpretation that Rule 609(a)(1) compels the admission of prior felony convictions in all criminal and civil cases).

Other authorities, however, find that Rule 403 can be invoked in civil cases to exclude evidence of a party's prior felony conviction, although they offer differing rationales for their result. *See Radtke v. Cessna Aircraft,* 707 F.2d 999, 1000 (8th Cir.1983); *Czajka v. Hickman,* 703 F.2d 317, 319 (8th Cir.1983); *Shows v. M/V Red Eagle,* 695 F.2d 114, 118 (5th Cir.1983); *Moore v. Volkswagenwerk, A.G.,* 575 F.Supp. 919, 921 (D.Md.1983); *Tussel v. Witco Chemical Corp.,* 555 F.Supp. 979, 983 (W.D.Pa.1983); Saltzberg and Redden, *Federal Rules of Evidence Manual,* at 364–69 (1982) and

(1984 Supp.); Moore, *10 Moore's Federal Practice* § 609.03 at VI–135–36, § 609.13–.14 at VI–139–49 (1982) (language of Rule 609(a) sugests no discretion but that interpretation leads to absurd and unfair results); Comment, *Evidence—Impeachment of Witnesses by Prior Felony Convictions: A New Approach in Civil Litigation,* 13 Memph. St.U.L.Rev. 413 (1983); Comment, *The Interaction of Rules 609(a)(2) and 403 of the Federal Rules of Evidence: Can Evidence of a Prior Conviction Which Falls Within the Ambit of Rule 609(a)(2) be Excluded by Rule 403,* 50 U.Cinn.L.Rev. 380 (1981). *See also Linskey v. Hecker,* 753 F.2d 199, 202 (1st Cir.1985) (court does not decide if district judge retains discretion to exclude civil plaintiff's prior felony conviction because district court admitted conviction under Rule 403 and did not abuse its discretion when weighing the balance under that rule); *United States v. Cunningham,* 638 F.2d 696 (4th Cir.1981); *United States v. Currie,* 609 F.2d 1193 (6th Cir. 1979), *cert. denied,* 445 U.S. 928, 100 S.Ct. 1314, 63 L.Ed.2d 760 (1980); *United States v. Jackson,* 405 F.Supp. 938 (E.D. N.Y.1975).

*Christmas,* 759 F.2d at 1290–91.

Although the Seventh Circuit avoided deciding this question in *Christmas,* they have recently addressed this issue again in *Campbell v. Greer,* 831 F.2d 700 (7th Cir. 1987). In *Campbell,* the court concluded:

We conclude that Rule 403 has no application to the use of convictions to impeach a witness's testimony in either a criminal or a civil case. This conclusion, when combined with our earlier conclusion that Rule 609(a) does not allow consideration of the prejudicial effect of a prior conviction unless the party who is prejudiced is the defendant in a criminal case, establishes that a civil plaintiff cannot complain about the use of his prior felony convictions to impeach his testimony, no matter how harmful that use is to his chances in the trial.

*Id.* at 706.[2] This circuit has not ruled on this issue.[3] Upon reviewing the authorities on both sides of this issue, we conclude that in civil cases when evidence of prior convictions is offered to attack the credibility of a witness, party or nonparty, that such evidence is subject to the balancing test of Rule 403.[4] In reaching this conclusion, we respectfully disagree with Judge Posner's conclusions in *Campbell* and are persuaded, in part at least, by the reasoning of Judge Gibbons in his dissent in *Diggs v. Lyons*, 741 F.2d 577 (3d Cir.1984), *cert. denied*, 471 U.S. 1078, 105 S.Ct. 2157, 85 L.Ed.2d 513 (1985):

> The majority opinion creates a split among circuits by holding, for the first time, that in civil cases admission of prior felony convictions for the impeachment of any witness is mandatory. That result, placing use of such evidence outside the reach of the district court's discretion under Fed.R.Evid. 403, makes no sense whatever, for it mandates admission of such evidence against totally disinterested witnesses testifying, for example, about whether a light at an intersection was red or green.
>
> The snippets of legislative history in which four Members of Congress anticipated that some court might reach so ridiculous a result, 120 Cong.Rec. 2377, 2379, 2381, do not persuade me that the result was intended by Congress. The overwhelming weight of the legislative background material on Rule 609 suggests a preoccupation by Senator McClel-

lan and others with defendants in criminal proceedings. The result was, in my view, a legislative oversight as to the legislation's effect upon civil plaintiffs. By the time the oversight was recognized by Congressmen Dennis, Hogan, Wiggins and Lott legislative fatigue had set in, and the resulting ambiguity in Rules 403 and 609(a) was left unresolved.

*Diggs*, 741 F.2d at 583.[5]

■ Applying this new ruling to the case at bar results in an affirmance of the trial court's ruling but for reasons different than those given at trial or offered by the defendants on appeal. There is a balancing that must take place but the Rule 403 balancing is considerably different than the Rule 609(a) balancing. Under 609(a) the court looks to see if the probative value outweighs the prejudicial effect, but the Rule 403 balancing requires that the probative value be substantially outweighed by the danger of unfair prejudice before the evidence is excluded. If the Rule 609(a) balancing were applicable here, we would be hard pressed to sustain the trial court's ruling.[6] However, we cannot say that the probative value of the prior conviction was substantially outweighed by prejudice.

Plaintiff's argument that past convictions for crimes of violence have little to do with credibility is addressed to the wrong forum. It is Congress that has declared, by enacting Rule 609(a), that prior felony

**2.** Judge Will dissented from what he referred to as "erroneous dictum," although he concurred in the result of the case.

**3.** Two cases from this circuit, *Calhoun v. Baylor*, 646 F.2d 1158, 1163 (6th Cir.1981), and *Murr v. Stinson*, 752 F.2d 233, 235 (6th Cir.1985), have upheld the introduction of prior conviction evidence against civil plaintiffs. Neither case discusses the issue as framed here, however, both cases appear to indicate that balancing prejudice versus probative value is appropriate.

**4.** Contrary to the suggestion in the dissent, we are not concluding that Rule 403 "overrides" Rule 609 but, rather, that Rule 609(a)(1) was never intended to deal with the case of impeachment of a plaintiff in a civil case, which is the only fact situation we have before us.

**5.** This issue was also discussed in an interesting law review article found in Fordham Law Review, where the author concludes, as we do here, that Rule 403 is applicable to the use of prior conviction evidence in civil trials. *See* Note, *Prior Convictions Offered for Impeachment in Civil Trials: The Interaction of Federal Rules of Evidence 609(a) and 403*, 54 Fordham L.Rev. 1063 (1986).

**6.** We completely reject the defendant's argument that the evidence should come in because of its relevance to the plaintiff's propensity for violent behavior. The issue here is credibility—not propensities. Propensities deal with character and Fed.R.Evid. 404(a) clearly states that "[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving actions in conformity therewith...."

convictions can be used to attack credibility. As the legislative history of Rule 609 makes clear, there was considerable debate as to whether impeachment evidence should be limited to offenses in the nature of *crimen falsi*, but the final version of the rule was not so limited.

Our decision on this issue is influenced by the fact that the jury already knew the plaintiff was a convicted felon as the entire scenario unfolds in a jail. Thus, we do not have the interjection of the criminal record of a witness out of the blue. We also note that the defense counsel's explanation of this issue was very brief:

Q. Mr. Donald, you were convicted of a felony back in July of 1977?

A. Yes, sir, I was.

Q. The felony was rape?

A. Yes, sir, it was.

Stated another way, the probative value of the rape conviction was slight but the prejudice was minimal.

### C.

■ Plaintiff also argues that his motion late in the trial to amend his pleadings to conform to the evidence and add a count of negligence was wrongly denied. We disagree. There was no mention of a negligence theory in any of plaintiff's pleadings or any of the court's pretrial orders. Furthermore, a civil rights action may not be founded on negligence. *Wilson v. Beebe*, 770 F.2d 578, 586 (6th Cir.1985). Had plaintiff brought this as a negligence action originally, there would have been no jurisdiction in the federal court since diversity of citizenship is lacking.

Federal Rule of Civil Procedure 15(b) provides in relevant part:

When issues not raised by the pleadings are tried by express or implied consent of the parties, they should be treated in all respects as if they had been raised in the pleadings.

This rule is designed to allow parties to a civil action to get to the heart of the matter and not have relevant issues obscured by pleading niceties. It was not designed to allow parties to change theories in mid-stream. Section 1983 actions based on facts such as we have here involve intentional torts. If a plaintiff fails in his proofs, Rule 15(b) does not provide a vehicle for retreating to a theory involving a lesser burden of proof.

### D.

■ At the close of the case, plaintiff offered the following proposed jury instruction:

Intent is not an element of Plaintiff's case. Plaintiff need not show Defendant intended to deprive him of his rights. The fact that the defendants had no specific intent or purpose to deprive plaintiff of his civil rights will not absolve them from liability if they did in fact deprive him of those rights.

(Plaintiff's requested instruction No. 7). The magistrate, on the basis of *Wilson v. Beebe*, 770 F.2d 578 (6th Cir.1985), refused to give the instruction. The instruction should have been given and it was error not to give the requested instruction. Since the Supreme Court's decision in *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), it has been clear that section 1983 does not require a specific intent to deprive a person of a federal right:

In the *Screws* [*v. U.S.*, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945)] case we dealt with a statute that imposed criminal penalties for acts "wilfully" done. We construed that word in its setting to mean the doing of an act with "a specific intent to deprive a person of a federal right." 325 U.S. at 103 [65 S.Ct. at 1036]. We do not think that gloss should be placed on § 1979 [42 U.S.C. § 1983] which we have here. The word "wilfully" does not appear in § 1979 [42 U.S.C. § 1983]. Moreover, § 1979 [42 U.S.C. § 1983] provides a civil remedy, while in the *Screws* case we dealt with a criminal law challenged on the ground of vagueness. Section 1979 [42 U.S.C. § 1983] should be read against the background of tort liability that makes a man respon-

sible for the natural consequences of his actions.

*Monroe*, 365 U.S. at 187, 81 S.Ct. at 484.

The magistrate and the defendants confused the requirement of *Wilson v. Beebe* that there be an intentional *act* with a requirement that there be a specific intent to deprive one of a federally protected right. The two concepts are completely different.

 Even though we find that the charge should have been given, we do not find that the failure to do so requires a reversal. A reviewing court, when considering a claimed error or omission in jury instructions must consider the charge as a whole to see if it "fairly and adequately" submits the issues and applicable law to the jury. *United States v. Martin*, 740 F.2d 1352, 1361 (6th Cir.1984). Upon reviewing the charge as a whole, we find that the jury would not have been mislead nor the plaintiff prejudiced by the omission. First, we note that the instructions did not affirmatively state that intent was an element of plaintiff's claim. Rather, the error was one of omission. Moreover, there is no dispute as to what essentially occurred here. The defendant deputies admit they forcibly removed Donald from his cell. The only dispute was the degree of force used. If the jury believed Donald's version, the instruction made it clear that he was entitled to a verdict. If the jury believed the deputies' version, which apparently they did, the verdict appropriately would be against the plaintiff. The real issue was credibility and the omitted jury instruction would not have aided the jury in the resolution of this issue.

AFFIRMED.

BOYCE F. MARTIN, Jr., Circuit Judge, concurring.

I reach the same result as the majority but disagree with its use of the Rule 403 balancing test. I write separately, therefore, on the single issue of whether Fed.R. Evid. 403 may be used to limit the introduction of past criminal convictions for impeachment purposes in a civil trial. This is admittedly a close question, one which has divided the circuits and many commentators. For the reasons below, however, I must respectfully dissent from the majority's conclusion that a civil trial judge may bar the admission of such evidence if its probative value is substantially outweighed by the dangers of unfair prejudice. Such a case-by-case balancing analysis, loosely checked by deferential appellate review, is inefficient and without authorization. I am in complete agreement with the majority's implicit holding that Fed.R.Evid. 609 is only applicable to exclude such evidence when the admission of a prior conviction would cause prejudice to a defendant in a *criminal* trial; here, however, we have a civil trial.

With regard to Rule 403, however, I am persuaded by the reasoning of the Seventh Circuit in *Campbell v. Greer*, 831 F.2d 700 (7th Cir.1987). The Seventh Circuit concluded in that case that "Rule 403 has no application to the use of convictions to impeach a witness' testimony in either a criminal or a civil case." *Campbell*, 831 F.2d at 706. Rule 403 provides that, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

While the language of Rule 403 appears on its face to make its balancing test applicable to the admission of all evidence, this does not square with congressional intent or doctrines of statutory construction. The advisory committee notes to Rule 403 provide that it is "designed as a guide for the handling of situtations for which no specific rules have been formulated." Thus, it would seem that Rule 403 is not designed to supplant or contradict any of the more specific rules, such as Rule 609. In fact, the legislative history suggests that Congress believed that it was dealing exhaustively in Rule 609 with the subject of using criminal convictions to impeach witnesses' testimony. In its Report on Amendments and the Rules of Evidence, the Committee on the Judiciary suggests in its discussion

of Rule 609(a) that the rationale for limiting the introduction of such evidence to when it could injure a criminal defendant is based on the "committee's view [that] the danger of unfair prejudice is far greater when the accused, as opposed to other witnesses, testifies, because the jury may be prejudiced not merely on the question of credibility but also on the ultimate question of guilt or innocence." Senate Report No. 93–1277, p. 14, 93rd Congress 2d Session, U.S.Code Cong. & Admin.News 1984, pp. 7051, 7061. This and other evidence in the legislative history, much of it explored by the Seventh Circuit, in conjunction with the literal language of Rule 609, suggests that Congress believed that it was dealing exhaustively in Rule 609 with the subject of using criminal convictions to impeach witnesses' testimony. If this is the case, then Rule 609 would preempt Rule 403 on the question of the admissibility of such evidence. It is axiomatic that narrow, specific rules take precedence over more general, catch-all rules, such as Rule 403. It should be also noted that Rule 609(a) provides that evidence complying with the rule "shall be admitted." It would seem, therefore, that evidence of prior convictions must be admitted by a trial judge except where Congress indicated otherwise in Rule 609.

An uncomfortable result of the majority's holding that Rule 403 is not preempted by Rule 609 is that, if Rule 403 overrides the express statement in Rule 609(a)(1) that evidence of prior convictions shall be admissible unless prejudice to the defendant outweighs the probative value of the evidence, then it must also override the language in Rule 609(a)(2) that evidence of prior convictions involving dishonesty and perjury is admissible regardless of prejudice to the defendant or anyone else. As was recognized by the Seventh Circuit, such a result is clearly contradictory to Congress' intent. Congress intended that even in the context of criminal trials such evidence should be admissible regardless of prejudicial effect. It seems incongruous that a perjury conviction must be admitted to impeach a criminal defendant who is facing the possibility of a loss of liberty, but it need not be admitted by a trial judge

to impeach a civil plaintiff or other witness in a civil case. As a result, I believe that Congress' intent should be respected, a result also reached by the Seventh and Third Circuits when they, too, concluded that Rule 403 may not bar the use of convictions to impeach a witness' testimony in either a criminal or civil case. *See Diggs v. Lyons,* 741 F.2d 577 (3d Cir.1984), *cert. denied,* 471 U.S. 1078, 105 S.Ct. 2157, 85 L.Ed.2d 513 (1985).

I recognize that there may be strong policy concerns about a rule that would always allow the admission into evidence of all criminal convictions during civil trials. As Judge Gibbons stated in his dissent in *Diggs v. Lyons,* it may be "nonsensical to mandate the admission of such evidence against totally disinterested witnesses testifying, for example, about whether a light at an intersection was red or green." 741 F.2d at 583. I do not believe it is the province of the judiciary, however, to make de facto amendments to the Federal Rules of Evidence because we are persuaded that the literal language of the rules, and Congress' apparent intent as well, lead to results which we find to constitute unwise policy. If Rule 609(a), which compels in my view the admission of evidence of a prior conviction except if it unduly prejudices a criminal defendant, or Rule 403, which in my view does not give discretionary authority to trial judges to exclude such evidence as prejudicial, is to be amended to reflect the reality that prior convictions may have little relevance to questions of credibility, it should be done by those who have the authority to amend the rules, the Supreme Court and the Congress. We do not possess that authority.