940 F.2d 661
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Margaret MAJOR, Plaintiff-Appellant,
v.
Otis ELEVATOR, a New Jersey corporation, Defendant-Appellee.
 No. 90-2353.
 United States Court of Appeals, Sixth Circuit.
 Aug. 6, 1991.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Margaret Major appeals from the jury verdict in this Michigan diversity case; all three issues in her appeal pertain to the district court's jury instructions: (1) did the court err in refusing to issue an instruction on breach of implied warranty; (2) did the court err by giving three non-standard supplemental instructions; and (3) did the court err by twice instructing the jury on Major's burden of proof. For the reasons that follow, we affirm.
 
 
 2
 On March 30, 1987, Major was riding an elevator at the University of Michigan Hospital in Ann Arbor, where she was an employee, when there was a power outage. Major asserts the elevator "slammed to a stop," reaggrevating an injury to her back. She immediately reported the incident to the building dispatcher.
 
 
 3
 The day after the alleged accident the maintenance mechanic, Thomas Nicodemus, discovered that the elevator's power amplifier was defective and was continually supplying its full output to the "motor field"; Otis has admitted that the amplifier was burned out the day after the alleged accident.
 
 
 4
 Major asserts that normally the power amplifier regulates the motor's electrical field to produce a smooth stop. She claims that the malfunctioning power amplifier supplied excessive energy to the elevator's motor which, in turn, produced excessive reverse torque and caused a sudden, instead of smooth, stop.
 
 
 5
 Otis Elevator asserts the power amplifier could not have caused the problem. First, Otis claims the power amplifier supplies its maximum output whenever an elevator comes to a stop and the electrical fields in the elevator's motor are fully saturated at this maximum output level; thus, full output by the power amplifier would cause a normal stop. Second, Otis claims the power amplifier is supposed to operate at full output level whenever power is lost, so the elevator will stop itself. Lastly, Otis claims the elevator does not operate with any reverse torque because reverse torque energy is dissipated by a bank of resistors into the air as heat.
 
 
 6
 At the close of proofs, Otis moved for a directed verdict with respect to negligence in maintenance, design defect, manufacturing defect, and breach of implied warranty. Conceding she had not proven negligence in maintenance, Major maintained that Otis could be liable on one of the three remaining theories: design defect, manufacturing defect, or breach of implied warranty. The district court denied the motion for directed verdict with respect to the remaining theories of liability.
 
 
 7
 After the district court gave extensive jury instructions, the jury found that Otis was not liable and the district court entered its judgment of no cause of action on August 17, 1990. Major moved for a new trial, raising the same issues she has on appeal. The district court denied her motion and she filed this timely appeal.
 
 
 8
 Major argues that the district court erred by not giving the standard jury instruction on the breach of implied warranty, by giving three non-standard instructions, and by twice instructing the jury concerning the burden of proof.
 
 
 9
 Although we look to state law to determine the substance of jury instructions in a diversity case, federal law governs our standard of review. Bagherzadeh v. Roeser, 825 F.2d 1000 (6th Cir.1987). We review jury instructions as a whole to determine whether they adequately inform the jury of relevant considerations and provide a basis in law for the jury to reach its decision. Donald v. Wilson, 847 F.2d 1191, 1199 (6th Cir.1988). It is not error to give a requested instruction that correctly states the law, as long as the instructions actually given fairly and adequately cover the material issues. Jones v. Consolidated Rail Corp., 800 F.2d 590 (6th Cir.1986).
 
 
 10
 Although the district court in this case did not give the Michigan standard instructions for breach of implied warranty and also gave three supplemental non-standard instructions, we believe the instructions given fairly and adequately informed the jury of the numerous theories of liability advanced by Major, including implied warranty. The broad instructions given by the district court correctly state Michigan law and cover all material issues.
 
 
 11
 For the foregoing reasons, we affirm the judgment of the district court.