67 F.3d 308
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sergio SANTOS, Plaintiff-Appellant,
I. Singh Aulakh, Appellant,
v.
Melvin COLEY, aka Butch Coley; Jack Tyler, undersheriff;
County of Tulare, Defendants-Appellees.
Sergio SANTOS, Plaintiff-Appellant,
v.
Melvin COLEY, aka Butch Coley; Jack Tyler, undersheriff;
County of Tulare, Defendants-Appellees.
 Nos. 94-15511, 94-15788.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 12, 1995.*
Decided Sept. 29, 1995.
 
 Before: HALL, KOZINSKI and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sergio Santos filed actions pursuant to 42 U.S.C. Secs. 1981, 1983 and 1985, against the County of Tulare, Sheriff Melvin Coley and Undersheriff Jack Tyler alleging that he was subjected to racial discrimination and transferred from his assignment with the narcotics department in retaliation for campaigning against Sheriff Coley. The actions were consolidated and tried before a jury. Santos now appeals the district court's judgment as a matter of law dismissing the County of Tulare as a defendant, and the jury verdicts in favor of Sheriff Coley and Undersheriff Tyler. Santos also appeals the district court's award of attorneys' fees to defendants. Santos' attorney, I. Singh Aulakh, appeals an award of sanctions against him for failing to comply with discovery. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 I.
 
 3
 Santos alleges that the district court erred by not requiring defendants to give race-neutral reasons for peremptorily challenging a Portuguese juror. Under Batson v. Kentucky, 476 U.S. 79, 96 (1986), Santos bore the initial burden of establishing a prima facie case by demonstrating that the circumstances surrounding the peremptory challenge raised an inference of purposeful discrimination. Only upon such a showing are defendants required to provide a race-neutral explanation for the challenge. Id. at 96-98; United States v. Vasquez-Lopez, 22 F.3d 900, 902 (9th Cir.1994). The district court's findings regarding alleged discrimination in the jury selection process are reviewed for clear error. United States v. Ponce, 51 F.3d 820, 830 (9th Cir.1995).
 
 
 4
 Here, the district court obviously concluded that Santos failed to establish a prima facie case. Defendants exercised three peremptory challenges, only one of which involved a minority. The district court found that the reason for defendants' challenge of this minority juror was obvious: the juror's union experience and background. "We give broad deference to district judges, who observe the voir dire first hand," Vasquez-Lopez, 22 F.3d at 922, and we agree that the circumstances here do not raise an inference of discrimination. There was no pattern of exclusion of minority jurors by defendants, and the only evidence of discrimination offered by Santos was the fact that the stricken juror was a minority. This is not enough. See id. The district court did not clearly err in concluding that Santos failed to establish a prima facie case.
 
 II.
 
 5
 Santos complains that the district court erred in instructing the jury that he had to prove by a preponderance of the evidence that the defendants' acts or omissions were intentional. This instruction comes directly from this Circuit's Model Jury Instruction (No. 11.01) on Sec. 1983. "Whether a jury instruction misstates the elements that must be proved at trial is a question of law reviewed de novo." Caballaro v. Concord, 956 F.2d 204, 205 (9th Cir.1992).
 
 
 6
 Santos argues that the instruction is erroneous because specific intent is not required to violate Sec. 1983. But the district court did not instruct the jury that specific intent is necessary. The court only instructed the jury that the acts or omissions of defendants must be intentional, as opposed to negligent or accidental. See Donald v. Wilson, 847 F.2d 1191, 1199 (6th Cir.1988) (requirement that there be an intentional act is a "completely different" concept than requirement that there be specific intent to deprive one of a federally protected right). This is not a misstatement of the law. See, e.g., Thomas v. Carpenter, 881 F.2d 828, 829-30 (9th Cir.1989).
 
 
 7
 Santos also complains about the district court's instruction that "plaintiff does not have a constitutional right to a particular position within the Tulare County Sheriff's Department." Santos claims that this instruction is misleading and conflicts with the Ninth Circuit law that "an unwanted transfer to a another position constitutes loss of a valuable government benefit." We consider the jury instructions as a whole, and apply an abuse of discretion standard in determining whether they are misleading or inadequate. Obviatt v. Pearce, 954 F.2d 1470, 1480 (9th Cir.1992).
 
 
 8
 Santos has not cited a single case which suggests that he has a constitutional right to a particular position. Moreover, the instruction given by the district court does not conflict with the notion that a transfer from one position to another may constitute the loss of a "valuable government benefit." The jury instructions in their entirety set forth the principle that Santos could not be transferred in retaliation for the exercise of a constitutionally protected right or for a discriminatory purpose. The district court therefore did not abuse its discretion.
 
 III.
 
 9
 Santos briefly argues that the district court improperly commented during the course of the trial that the Sheriff could transfer anyone he wanted. However, the context of the statements suggests that the district court did not misstate the law, or otherwise act improperly. The district court made it clear that although the Sheriff had broad discretion in transferring personnel, he could not transfer someone because of their race or in retaliation for their exercise of constitutional rights, such as voting in a particular manner. The jury instructions also made this point. Santos has failed to demonstrate that the district court acted improperly, or that the challenged statements affected the jury's verdict.
 
 IV.
 
 10
 Santos contends that the district court erred in granting judgment as a matter of law dismissing the County of Tulare as a defendant. Santos insists that the County may be held liable for the Sheriff's wrongful acts because the Sheriff possessed "final authority" to establish county policy. See Pembaur v. Cincinnati, 475 U.S. 469, 481-84 (1986). However, the County may not be held liable unless the Sheriff is found to have violated Santos' constitutional rights. Because the jury returned a verdict in favor of the Sheriff, and because Santos has failed to demonstrate that the verdict should be reversed, we need not consider Santos' argument that the County should not have been dismissed.
 
 V.
 
 11
 Santos' argument that the district court erred in dismissing his punitive damages claim under Sec. 1981 is also moot. Santos cannot recover punitive damages unless there has been a finding of liability. There was no such finding here and Santos has failed to demonstrate that the jury verdict should be reversed.
 
 VI.
 
 12
 Santos contends that the district court should have granted his motion for sanctions because defendants raised frivolous affirmative defenses in their answer to his complaint. The district court concluded that although three of the ten affirmative defenses in defendants' answer had no legal relevance to the civil rights claims in the complaint, the answer as a whole was otherwise appropriate. We have previously upheld a district court's denial of sanctions under similar circumstances, see Partington v. Gedan, 961 F.2d 852, 866 (9th Cir.1992), and we find no abuse of discretion here.
 
 VII.
 
 13
 Santos' attorney, I. Singh Aulakh, argues that the district court erred in refusing to vacate or reduce the $1,922.50 sanctions award it previously imposed upon him under Fed.R.Civ.P. 37 for inexcusable delay in complying with a discovery order. After Aulakh appealed the sanctions award, and we affirmed, Aulakh filed the motion to vacate or reduce the award with the district court citing new circumstances regarding his ability to pay. Aulakh contends that the district court was required to consider his inability to pay the sanctions award, and that its refusal to do so constitutes an abuse of discretion. However, none of the cases cited by Aulakh obligates the district court to redetermine the amount of a Rule 37 sanctions award after it has been affirmed on appeal. See In re Yagman, 796 F.2d 1165, 1185 (9th Cir.), amended 803 F.2d 1085 (1986); In re Kunstler, 914 F.2d 505, 524 (4th Cir.1990). In any event, the district court did consider Aulakh's new evidence of inability to pay, and found that evidence insufficient to warrant modification of the sanctions award. Although Aulakh claimed to have a significant decrease in income after July, 1993, he presented no evidence regarding any assets he might have had to satisfy the sanctions award. On this record, the district court did not abuse its discretion in denying the motion.
 
 VIII.
 
 14
 Finally, Santos claims that the district court erred in awarding attorneys' fees to Undersheriff Tyler and the County of Tulare pursuant to Sec. 1988. Under Sec. 1988, a court has discretion to award attorneys' fees to a prevailing defendant in certain civil rights lawsuits if the court finds that the plaintiff's action was "unreasonable, frivolous, meritless or vexatious." Vernon v. City of Los Angeles, 27 F.3d 1385, 1402 (9th Cir.1994). An action is frivolous if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). We review the district court's award of attorneys' fees for abuse of discretion. Corder v. Brown, 25 F.3d 833, 836 (9th Cir.1984).
 
 
 15
 The district court conceded that Santos' claims against Sheriff Coley were not unreasonable or frivolous, but concluded that Santos failed to present any evidence which would make Undersheriff Tyler or the County liable. Santos has failed to demonstrate that the court's conclusion relating to Undersheriff Tyler was erroneous. Santos points to no evidence in the record which suggests that Undersheriff Tyler took action against him in retaliation for his political activities or because of his race, or that Undersheriff Tyler knew of any retaliatory or discriminatory motive on behalf of Sheriff Coley. Santos notes that the district court denied defendants' summary judgment motion, which may suggest that the action has merit. See Maag v. Wessler, 993 F.2d 718, 721 (9th Cir.1993). But defendants' summary judgment motion did not address the specific case against Undersheriff Tyler; it discussed the broader issues of whether Santos' constitutional rights were violated, and whether defendants were entitled to qualified immunity. We are not persuaded that the district court abused its discretion in awarding Undersheriff Tyler attorneys' fees.
 
 
 16
 Because Santos failed to present evidence that the County ratified the actions of Sheriff Coley, his claim against the County depends upon his argument that Sheriff Coley was a decision-maker possessing final authority to establish county employment policy. See Pembaur, 475 U.S. at 481. No evidence in the record supports that claim. The mere fact that Sheriff Coley may have discretion to hire, fire and transfer employees does not mean that he is the official responsible for county employment policy. Id. at 484 n. 12. Santos has not established that his claim against the County had any arguable basis in fact or law. We therefore affirm the district court.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3