NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0206n.06

Case No. 14-3749

FILED
Mar 13, 2015
DEBORAH S. HUNT, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| MONICA P. WAYS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| MIAMI UNIVERSITY OF OHIO, | ) | OHIO |
| | ) | |
| Defendant-Appellee. | ) | |

_____

**BEFORE: MERRITT and WHITE, Circuit Judges; HOOD, District Judge.**[*]

**HELENE N. WHITE, Circuit Judge.** Monica Ways appeals the district court's grant of

summary judgment to Miami University of Ohio (the University) in this employment

discrimination action. Ways argues that the district court erred in finding that she could not raise

a hostile-work-environment claim at the summary judgment stage, and in granting summary

judgment on the merits of the hostile-work-environment claim. We AFFIRM.

**I.**

Since July 2006, Ways, an African-American woman, has served as the Director of

Community Engagement and Services (CES) at the University. In October 2010, before Ways

brought this action, she submitted an internal five-page complaint of harassment and

---

[*] The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by
designation.

discrimination against Vice President of Student Affairs Dr. Barbara Jones, stating, "I believe that Dr. Barbara Jones is biased and uses her power as vice president to marginalize and harass women of color . . . and seeks ways to undermine and reduce the authority and success of women of color in the Division of Student Affairs," and "Dr. Jones, supported by Human Resources, continues to harass me by investigating me for more than four months," among other things. PID 526-31.

Ways also filed several discrimination charges in 2011 with the Ohio Civil Rights Commission (OCRC) asserting race and gender discrimination, retaliation, and harassment and stating, "I have been disciplined and am presently employed in an unlawfully hostile work environment." PID 428.

In June 2012, Ways instituted this action stating only three causes of action: disparate treatment discrimination based on race, color, and gender; disparate impact discrimination based on race, color, and gender; and retaliation, all in violation of Title VII, 42 U.S.C. §§ 2000e-2 & 2000e-3. PID 17. However, the complaint's facts section alleged that Dr. Jones subjected Ways to a hostile working environment.

In lieu of an answer, the University moved to dismiss Ways's complaint for failure to state a claim, Fed. R. Civ. P. 12(b)(6).[1] PID 32-54, 93-97, 232. Ways's response to the 12(b)(6) motion abandoned her disparate impact claim. Ways then sought leave to amend her complaint to add several University officials in their individual capacities and to add claims not pertinent here. PID 229-256. She did not seek to add a hostile-work-environment claim or ask to amend

---

[1] The district court denied the motion except as to the claim against the University under 42 U.S.C. § 1981, which it dismissed based on Eleventh Amendment immunity.

the complaint to clarify an intent to plead such a claim. The district court denied leave to amend on grounds of futility and other grounds. PID 303-04/Order entered 11/5/13.[2]

Following discovery, the University filed a motion for summary judgment that, in addition to arguing that Ways's remaining claims (disparate treatment race- color- and gender discrimination and retaliation) could not survive summary judgment, stated "even if Ways had properly pleaded a claim for hostile work environment, which she did not, it would fail as a matter of law." PID 749/Mot. filed 2/28/14.

Ways's response in opposition to the University's motion abandoned her disparate treatment discrimination and retaliation claims and argued for the first time that she was pursuing and had sufficiently pleaded a hostile-work-environment claim. PID 1211/Appellant Br. in Opp'n to Mot. For Summ. J. Following a hearing, the district court permitted the parties to file supplemental authority. PID 1863. After both parties did so, PID 1864-68, the court granted the University summary judgment, concluding that Ways failed to plead a hostile-work-environment claim and that permitting her to assert a new claim at the summary judgment stage "would subject Defendant to unfair surprise." PID 1879, 1877-82.

---

[2] Subsequently, the magistrate judge granted Ways's motion to extend discovery and expert-witness designation deadlines, and remarked that she was

> concerned with the representation concerning the lack of discovery undertaken on behalf of plaintiff in this case. Nevertheless, to the extent those deficiencies may be attributable to her former counsel [who moved to withdraw on the eve of the original discovery deadline, May 31, 2013, PID 225], a denial of an extension of time . . . would cause significant prejudice to plaintiff in resolving this case on the merits.

PID 306-07/Mag. J. order filed 11/7/13.

## II. <u>Discussion</u>

The district court rejected Ways's argument that she had adequately pleaded a hostile-work-environment claim. Were we asked to review that ruling, we would affirm. But Ways does not pursue the adequacy of her pleading on appeal. Instead, she argues for the first time that her complaint was constructively amended during discovery[3] to add a hostile-work-environment claim. Appellant Br. at 9-10. Ways contends that this court can and should review the issue because she raised it, at least implicitly, in response to the University's motion, which argued that she failed to adequately plead a hostile environment claim and that had it been pleaded, it failed on the merits. Reply Br. at 9. According to Ways, the district court passed on the constructive-amendment issue when it "held, somewhat confusingly, that even though Plaintiff may have adequately pled the issue of hostile work environment in it's [sic] Complaint it was still 'new matter' that was impermissible to be raised in opposition to summary judgment.

---

[3] Federal Rule of Civil Procedure 15(b)(2) provides:

> When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move–at any time, even after judgment–to amend the pleadings to conform to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.

Rule 15(b) "is designed to allow parties to a civil action to get to the heart of the matter and not have relevant issues obscured by pleading niceties. It was not designed to allow parties to change theories in mid-stream." *Donald v. Wilson*, 847 F.2d 1191, 1198 (6th Cir. 1988) (*overruled on other grounds as recognized by Doe v. Sullivan*, 956 F.2d 545, 551 n.1 (6th Cir. 1992). "It is well-settled that the parties may constructively amend the complaint by agreeing, even implicitly, to litigate fully an issue not raised in the original pleadings." *Stemler v. City of Florence*, 126 F.3d 856, 872 (6th Cir. 1997) (citing 6A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1493 at 19 (2d ed. 1990)); *see also Static Control Components, Inc. v. Lexmark Int'l, Inc.*, 697 F.3d 387, 399 (6th Cir. 2012). "To establish implied consent in the context of Rule 15(b), 'it must appear that the parties understood the evidence to be aimed at the unpleaded issue.'" *Sasse v. U.S. Dep't of Labor*, 409 F.3d 773, 781 (6th Cir. 2005) (quoting *Carlisle Equip. Co. v. U.S. Sec'y of Labor & Occupational Safety*, 24 F.3d 790, 795 (6th Cir. 1994)).

The 'new matter' language directly implicates the issue of constructive amendment." Reply Br. at 4.

But Ways misstates the district court's alternative holding, which was that "[a]ssuming *arguendo* that Ways sufficiently pled a hostile work environment claim, she nonetheless failed to produce sufficient evidence of a race-based hostile work environment to withstand summary judgment." PID 1879, Reply Br. at 4. In any event, we do not agree that the constructive amendment issue was fairly before the district court. Ways's sole argument to the district court was that she had adequately pleaded a hostile-work-environment claim. She did not ask to amend her complaint or that her complaint be amended to conform to the evidence, despite several opportunities to raise the issue (in response to the University's motion for summary judgment, at the motion hearing, and in post-hearing supplemental briefing). Ways forfeited the issue by failing to present it to the district court and it is therefore not properly before us. *See Ohio State Conference of N.A.A.C.P. v. Husted*, 768 F.3d 524, 552 (6th Cir. 2014) ("the failure to present an issue to the district court forfeits the right to have the argument addressed on appeal.") (quoting *Armstrong v. City of Melvindale*, 432 F.3d 695, 700 (6th Cir. 2006)).

We need not address Ways's challenge to the district court's alternative ruling regarding the substantive viability of a race-based hostile-work-environment claim because the district court did not err in ruling that the claim was not properly before it.[4]

We AFFIRM the district court's determination that Ways failed to plead a claim of race-based hostile work environment.

---

[4] This case illustrates a point that seems inadequately appreciated. From the pleading stage, through discovery, motions, and trial, employment law is a specialized area of law that can quickly become a minefield to a non-specialist.